```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                           PLAINTIFF DEMANDS TRIAL BY
RICHARD FEINER AND CO. INC.,               JURY

               Plaintiff,                  C O M P L A I N T

     -against-                             Docket No. 07 CIV 11218


THE NEW YORK TIMES COMPANY
PHOTOFEST, INC. and
HOWARD MANDELBAUM,
                    Defendants.
-------------------------------x
```

**PLAINTIFF**, through its attorney Gregory A. Sioris, Esq., complains of the defendants and alleges as follows:

### JURISDICTION AND VENUE

1.  This action is brought for copyright infringement and unfair competition, pursuant to the Copyright Laws of the United States, Title 17 U.S.C. sections 101, *et. seq*. (the Copyright Act) and 15 U.S.C. section 1125(a)(the Trademark Act).  This Court has jurisdiction over this action based on 28 U.S.C. sections 1331, 1338(a) and 1338(b), and the common law of unfair competition of the State of New York.

2.  Venue is properly placed in the Southern District of New York under 28 U.S.C. sections 1391 and 1400(a), since plaintiff is a New York corporation headquartered and doing business in New York, NY, with defendants The New York Times Company, Inc., Photofest, Inc. and Howard Mandelbaum all headquartered and/or doing business in New York County.

1

**THE PARTIES TO THE ACTION**

3. Plaintiff, as the assignee of Hal Roach Studios, holds the copyrights to the still photographic images of the comedy team of Stan Laurel & Oliver Hardy, as registered in the Copyright Office of the Library of Congress on the 17th day of April, 1972, at LP 1445, Pages 423-425. The still photographic images of Laurel & Hardy as authored by Hal Roach Studios have been published in the book titled *Laurel & Hardy*, as registered for copyright protection with the Copyright Office at A 680131 and renewed pursuant to the automatic renewal statute amending the renewal provisions of the 1909 Copyright Act. The copyright in and to the still images of Laurel & Hardy as created by Hal Roach Studios are in full force and effect on the date of this complaint as are the plaintiff's rights in these still photographic images, and on the dates of the complained of acts as identified herein. A prominent notice of copyright appears on the *Laurel & Hardy* book, with plaintiff referred to as its copyright owner.

**FACTS OF THE ACTION**

4. Defendant New York Times Company, Inc. publishes and controls the distribution of *The New York Times*, which is sold throughout the United States and whose content also appears on its Internet web site, www.nytimes.com. The New York Times has knowledge of the plaintiff's copyright ownership in and to still images of Laurel & Hardy, having licensed Laurel & Hardy images from

2

plaintiff in the past and paying plaintiff a licensing fee for such uses.

5.  Upon information and belief, defendant Photofest, Inc., is in the business of selling still photographic images.  Photofest advertises the sale of such images through its Internet web site at the address of www.photofest.com.  Photofest, Inc. is aware, or should be aware of the plaintiff's rights in and to the still images of Laurel & Hardy, since such information is publicly available at the Copyright Office of the Library of Congress which can be accessed, among other means, via the Internet.

6.  Upon information and belief, defendant Howard Mandelbaum is the principal or majority owner of defendant Photofest, Inc. and controls the operations of defendant Photofest, Inc.  Defendant Mandelbaum is aware or should be aware of the plaintiff's rights in and to the still images of Laurel & Hardy, since such information is publicly available at the Copyright Office of the Library of Congress and having been previously warned by the plaintiff that he and Photofest are infringing plaintiff's copyrights in still photographic images of Laurel & Hardy which the plaintiff is the copyright proprietor of.

### THE DEFENDANTS' INFRINGING ACTS

7.  Defendants Photofest and Mandelbaum acting solely for their commercial benefit have placed still photographic images of Laurel & Hardy which are protected by copyright on their Internet web

3

site for sale to the public or for copying by the public directly from their web site.  At no time have defendants Photofest and/or Mandelbaum contacted the plaintiff in order to seek its license for the Internet display of still photographic images of Laurel & Hardy, despite these defendants having actual knowledge that plaintiff is the copyright owner of these works.  Despite lacking any rights to exhibit Laurel & Hardy still photographic still images as created by Hal Roach Studios, the attribution beneath the photographic images gives an attribution to defendant Photofest.

8.   Despite defendants Photofest and Mandelbaum's actual knowledge of the copyrighted status of the work and plaintiff's exclusive rights, these defendants willfully and knowingly elect to use, exhibit and sell plaintiff's work in direct contravention of the plaintiff's right to control the publication and dissemination of the still photographic images of Laurel & Hardy as authored by Hal Roach Studios, or excerpts from of such photographic images, without providing the plaintiff attribution regarding its copyright ownership interest in and to these work.  Upon information and belief, defendants Photofest and Mandelbaum's Internet web site has a prominent notice of copyright on it, and defendants are aware that they have not sought a license from plaintiff to exhibit, sell and other distribute any of plaintiff's Laurel & Hardy still photographic images of which plaintiff is the

4

copyright owner of.

9. Without plaintiff's consent or license, defendants Photofest and Mandelbaum licensed defendant New York Times with a still image of Laurel & Hardy, which is derived from the motion picture photoplay *Hog Wild* and which also has been fixed as a still photograph by Hal Roach Studios. The specific image is referenced by Hal Roach Studios number HR-L33-18, and appears at page 149 of plaintiff's copyrighted *Laurel & Hardy* book. In addition to this from *Hog Wild*, defendants Photofest and Mandelbaum exhibit plaintiff's copyrighted image of Laurel & Hardy on their website as derived from the Hal Roach motion picture photoplay *Leave 'Em Laughing*, Hal Roach Studios number HR-S6-10 as published on page 49 of the plaintiff's Laurel & Hardy book. Plaintiff believes that defendants Photofest and Mandelbaum have been reproducing and selling additional Laurel & Hardy as owned by it, which will be ascertained during discovery.

10. The New York Times, in turn reproduced and enlarged the *Hog Wild* image to approximately 11¾ by 9½ inches and used it as an eye catching image for an article in its newspaper, on the first page (page F1) of the *House&Home* section, dated May 3, 2007, for an article titled *Easy, Mr. Fix-It*. Other than showing Laurel & Hardy and another actress who appeared in *Hog Wild*, the article makes no reference to Laurel & Hardy, their motion picture *Hog Wild*, nor to any other aspect of the Laurel & Hardy photograph,

5

with this image appearing merely as "wallpaper", as this term is used in the publishing industries, meaning the use of this image is to attract a reader's attention to the article based on the celebrity of Stan Laurel and Oliver Hardy.  In addition to its print edition, the New York Times displays the referenced Laurel & Hardy image on its web site, [www.nytimes.com](www.nytimes.com), in addition to other still photographic which are owned by the plaintiff with the Internet displays of these photographic images never being licensed or otherwise authorized by the plaintiff.

11.   The defendants' acts as complained of herein are a continuing infringement of plaintiff's exclusive rights.  Unless the defendants are enjoined by this Court, it is believed that the defendants, and particularly defendants Photofest and Mandelbaum, intend on committing further willful or other infringements of plaintiff's copyrighted Laurel & Hardy still photographic images as created by Hal Roach Studios by producing, distributing, and/or selling and/or controlling, granting, or distributing, additional copies of still images of Laurel & Hardy as belong to the plaintiff to other persons without license or authority to exhibit and exploit these images.

12.   The further and continued Internet exhibition, copying, manufacture, distribution, dissemination, advertising and other sale of plaintiff's copyrighted works has, and will, further destroy, or otherwise substantially diminish the commercial value

of plaintiff's copyrighted works and the rights of ownership and control which the plaintiff enjoys in and to the still images of Laurel & Hardy as were assigned to him by Hal Roach Studios.  Such infringements have caused, are causing and will continue to cause, a loss of future licensing revenues in an amount yet to be determined, in that the said unauthorized copying and unconsented to sale and licensing of the said copyrighted works has caused plaintiff to loose the commercial value of its copyrighted properties pertaining to the defendants' repeated print and Internet exhibitions, and/or, to cause a substantial diminution of the images licensing value concerning the uses by the defendants and other unlicensed users.  Furthermore, by defendants, especially defendants Photofest and Mandelbaum, treating the Laurel & Hardy still photographic images as though they are the works' copyright proprietor, or lawful Internet and print licensees, or that the works are in the public domain, defendants encourage the further unauthorized copying, exhibition and dissemination of these still photographic works, or excerpts there from, without the consent or authority from the plaintiff, creating a loss of revenue, which value will be determined upon the completion of discovery and prior to trial.  The defendants and the licensees of defendants Photofest and Mandelbaum are aware of the value of a license to exhibit the plaintiff's works and the commercial potential for future licensing.

13. In copying, manufacturing, distributing, advertising and exhibiting excerpts of plaintiff's work through unauthorized channels, defendant Photofest and Mandelbaum have intentionally and willfully disregarded the notice of copyright as are present on plaintiff's Laurel & Hardy book, acting deliberately and/or in reckless disregard of plaintiff's copyright interests in and to the said work contained.

### FIRST CLAIM

14. Plaintiff repeats and realleges paragraphs 1 through 14 herein.

15. Defendants' acts are in violation of Title 17 U.S.C. sections 101 *et. seq.,* in that the same constitute substantial, unauthorized, and willful copying of plaintiff's copyrighted work as exhibited in the May 3, 2007 edition of the New York Times which is a flagrant and ongoing infringement of the plaintiff's exclusive copyright interests since this image can be accessed via The New York Times' website.

16. Plaintiff seeks an Order from this Court enjoining and restraining the defendants, their affiliates, distributors, agents, dealers, exhibitors, subsidiaries and subscribers and any other persons acting on their behalf from copying, manufacturing, exhibiting, selling, distributing or otherwise exercising rights of ownership or control over the infringed still photographic image(s) and/or excerpts thereof for purposes of print and

Internet publications, both preliminarily, temporarily and permanently thereafter, and for an Order compelling defendants to sequester and impound all copies of the infringing work, or works, in whatever medium(s) contained as may be used for print and Internet publication, together with the materials contributing to the making of such excerpts and any promotional and/or packaging or other materials related thereto.

### SECOND CLAIM

17. Plaintiff repeats and realleges paragraphs 1 through 17 herein.

18. Defendant's acts are in violation of 15 U.S.C. 1125(a) in that the same constitute a false designation of the origins of plaintiff's copyrighted work, unauthorized misappropriations of the commercial value to plaintiff, and the disparagement of the said work resulting in the confusion and deception of the public, thereby giving an appearance that the plaintiff's work is the property of defendants Photofest and Mandelbaum as solely licensed by these defendants, their affiliates, distributors, licensees, subscribers and others acting under defendants' authority.

19. Although plaintiff's damages cannot accurately be calculated at this time, plaintiff prays for a judgment in excess of the jurisdictional threshold of this Court for diversity suits as will be determined at trial, in order to compensate plaintiff for its lost licensing revenues and to impose exemplary damages against

the defendant, as will be determined by a jury at trial.

### THIRD CLAIM

20. Plaintiff repeats and realleges paragraphs 1 through 20 herein.

21. Alternative to the other pleas and claims herein, defendants by their actual and unconsented to conduct have willfully copied, manufactured, sold and distributed or otherwise appropriated the plaintiff's copyrighted still photographic images of Laurel & Hardy, as appear in the motion picture photoplay *Hog Wild* and the Laurel & Hardy book, which copying is in violation of the Copyright laws of the United States of America, causing plaintiff damages directly and proximately related thereto.

22. Although plaintiff's damages cannot accurately be calculated at this time due to the extent and severity of the infringements, plaintiff prays for a judgment based on the statutory maximum damage amount allowed for the defendants' willful violations of its exclusive rights under copyright, and for damages for any other unauthorized exhibitions of excerpts form the work as may arise during discovery.

### FOURTH CLAIM

23. Plaintiff repeats and realleges paragraphs 1 through 23 herein.

24. Defendants have caused the print and Internet publication of the plaintiff's images and will benefit from the sale and other

distributions of the plaintiff's copyrighted work.  Plaintiff seeks an accounting of all profits and other consideration and/or benefits received by the defendants for the unlicensed exploitation it has effected on plaintiff's copyrighted work that plaintiff did not consent to.  Plaintiff additionally seeks the production of all of the defendants, their affiliates and subsidiaries business records pertaining to plaintiff's images to ascertain the profits, benefits and other gains received by the defendants from the further exhibition(s) or other unauthorized exploitation of plaintiff's copyrighted work. Plaintiff seeks that all consideration and other gains derived by defendants as a result of its infringing acts be held in constructive trust for the benefit of plaintiff pending the payment of such consideration to plaintiff as damages.

### FIFTH CLAIM

25.  Plaintiff repeats and realleges paragraphs 1 through 25 herein.

26.  Alternative to the above claims, defendants are liable for monetary damages for the print and Internet distribution of plaintiff's copyrighted works in the maximum statutory amount for non willful infringements, which will be accurately calculated prior to trial, as such infringements arose either during the sale of the image or images to the New York Times, and other print and Internet exhibitions of the complained of work, or works, or

through defendants' further sale or other distribution as caused by defendant as complained of herein.

### SIXTH CLAIM

27. Plaintiff repeats and realleges paragraphs 1 through 27 herein.

28. Defendants through their willful and purposeful conduct have wrongfully, tortiously and unfairly competed regarding the exploitation and licensing of the work, through the sale and/or distribution of the complained of work under the representation and warranty that defendants were entitled to grant a print and Internet publication license.  As a result of this unfair competition by the defendants, plaintiff has been damaged in an amount believed to be in excess of the jurisdictional threshold of a diversity suit before this Court; as such sum will be determined at trial by the jury.

### SEVENTH CLAIM

29. Plaintiff repeats and realleges paragraphs 1 through 29 herein.

30. Should plaintiff prevail in this suit, it seeks the reasonable attorney's fees and other costs connected to the prosecution of this action, as are allowed under the Copyright Act.  Plaintiff additionally seeks pre-judgment interest on any damage award that the Court may render.

31. Plaintiff, to the extent permitted by law, *demands* a trial by jury.

**WHEREFORE,** plaintiff prays for a judgment and other relief as follows:

**(i)** That the defendants, their distributors, dealers and subsidiaries, employees, officers and agents and all others who are contractually bound with them with respect to the distribution, sale, or other print and Internet dissemination of the infringing work or works referenced herein be temporarily, preliminarily and permanently enjoined from further print and/or Internet publication, or otherwise publishing or exercising rights of ownership of the infringing works through the means of print, Internet and any and all other forms of distribution and for the impounding and destruction of all infringing copies thereof and/or materials used in the infringement of plaintiff's copyrights as pertain to any and all exhibitions caused by defendants;

**(ii)** That the defendants' acts have resulted in the false designation of the origins of plaintiff's works, leading to the deception of the public and the loss of profits to the plaintiff, and to impose exemplary damages as will be proven at trial and determined by a jury;

**(iii)** That defendants through their willful infringements of plaintiff's copyrighted works pay the maximum statutory damage amount for each infringement of plaintiff's copyright as has been

both directly and proximately caused by them, as such infringements will be proven at trial;

**(iv)** That plaintiff recover from the defendants the profits and other consideration that they have realized and will realize through the broadcast of plaintiff's copyrighted work, and that the defendant account for all monies and other gains and consideration they have received to date and will be receiving in the future with regard to any and all broadcasts;

**(v)** That defendants are liable for the maximum non-willful statutory damage amount for each infringement that has arisen due to the sale, distribution, dissemination or other sale as caused by defendants for print and Internet exhibition(s), as such infringements will be proven at trial;

**(vi)** That plaintiff recovers from the defendants an amount in excess of the jurisdictional threshold for diversity suits filed before this Court for unfairly competing with the plaintiff by designating the complained of works as copyrighted by them, or alternatively that the works are in the public domain works and by further selling and distributing and exhibiting such works as though they were public domain works and devoid of a copyright registration notice;

**(vii)** For payment to plaintiff of its reasonable attorney's fees and related costs pursuant to the Copyright Act for the prosecution of this action and for pre-judgment interest to be

added to any judgment that the plaintiff may recover.

**(viii)** A trial by jury and any other and further relief this Court deems just and proper under the circumstances herein.

```
Dated: New York, NY              _____
       December 12, 2007         Gregory A. Sioris (GAS 1342)
                                 Attorney for Plaintiff
                                 350 Fifth Avenue, Suite 7606
                                 New York, NY 10118-7606
                                 (212)840—2644
```

**To:**  The New York Times Company
     Defendant
     620 Eighth Avenue
     New York, NY 10018

   Photofest, Inc. and
   Howard Mandelbaum
   Defendants
   32 East 31st Street, 5th Floor
   New York, NY 10016