UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD FEINER AND CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> THE NEW YORK TIMES COMPANY, PHOTOFEST, INC. AND HOWARD MANDELBAUM, <br><br> Defendants. | Civil Action No. 07-CV-11218 (RMB) <br><br><br> **AMENDED ANSWER** <br><br><br> **Filed by ECF** |

Defendants The New York Times Company, Photofest, Inc. and Howard Mandelbaum (collectively, "Defendants"), by their undersigned counsel, as and for their Answer to the Complaint dated December 13, 2007 filed herein by Plaintiff Richard Feiner and Co., Inc. ("Feiner"), hereby allege as follows:

1. Contains only allegations of law which require no response.

2. To the extent Paragraph 2 contains allegations of law, we are not required to respond. To the extent Paragraph 2 contains allegations of fact, admit that Photofest, Inc. and Howard Mandelbaum are headquartered and do business in New York County.

3. Deny the first sentence. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence except admit that still photographic images of Laurel & Hardy were published in a book titled *Laurel & Hardy*. Deny the third sentence. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence and except aver that copyright notice on a book does not reflect copyright ownership in the public domain images published within the book.

4. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations except admit the that Defendant The New York Times Company, incorrectly named herein as The New York Times Company, Inc., publishes *The New York Times*, which is sold throughout the United States and that its content appears on the website www.nytimes.com..

5.  Deny the first sentence and except aver that Photofest is in the business of providing access to publicity still images and lending them to publishers. Deny the second sentence and except aver that Photofest has a website at www.photofest.com. Deny the third sentence.

6.  Deny, except admit that Howard Mandelbaum is the principal owner of Photofest, Inc.

7.  Deny, except admit that still photographic images of Laurel & Hardy have appeared on the website www.photofest.com and except aver that the word "Photofest" appeared under the photographs and except admit that Defendants did not contact plaintiff in order to seek its license and deny having any legal obligation to contact plaintiff to seek a license or approval.

8.  Deny.

9.  Deny the first sentence and aver that Photofest is not in the business of licensing images and except admit that Photofest provided defendant New York Times with a public domain publicity still image of Laurel & Hardy representing a scene from the movie "Hog Wild". Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to the second sentence. Deny the third sentence except admit that a public domain publicity still of Laurel & Hardy from the movie "Hog Wild" appeared on Defendants' website. Deny the last sentence.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations except admit that a public domain publicity still image of Laurel & Hardy from the movie "Hog Wild" appeared in a New York Times article dated May 3, 2007.

11. Deny.

12. Deny.

13. Deny.

14. Defendants re-allege their responses to paragraphs 1 through 13.

15. Deny.

16. Deny.

17. Defendants re-allege their responses to paragraphs 1 through 16.

18. Deny.

19. Deny.

20. Defendants re-allege their responses to paragraphs 1 through 19.

21. Deny.

22. Deny.

23. Defendants re-allege their responses to paragraphs 1 through 22.

24. Deny.

25. Defendants re-allege their responses to paragraphs 1 through 24.

26. Deny.

27. Defendants re-allege their responses to paragraphs 1 through 26.

28. Deny.

29. Defendants re-allege their responses to paragraphs 1 through 28.

30. Deny.

31. Deny.

First Affirmative Defense

32. Plaintiff's claims are barred because Plaintiff's claimed copyright registration is ineffective, defective or inapplicable, or was improperly obtained.

Second Affirmative Defense

33. Plaintiff's claim for statutory damages under the Copyright Act is barred by the plain language of same, since, inter alia, the work is in the public domain.

Third Affirmative Defense

34. Plaintiff's complaint fails to set forth any claim upon which relief may be granted.

Fourth Affirmative Defense

35. Plaintiff's claims are barred in whole or in part by statutes of limitations.

Fifth Affirmative Defense

36. Plaintiff's claims are barred by the doctrines of laches, estoppel, misuse, failure to mitigate, waiver, acquiescence, assumption of risk, and unclean hands.

Sixth Affirmative Defense

37. If and to the extent that Defendants are found to have infringed Plaintiff's alleged copyright, Defendants were innocent copyright infringers.

Seventh Affirmative Defense

38. Plaintiff's state law claims are preempted by federal law.

Eighth Affirmative Defense

39. Use by Defendants of any elements of Plaintiff's claimed work, if any, is de minimis and fair use.

Ninth Affirmative Defense

40. Plaintiff lacks standing.

Tenth Affirmative Defense

41. Plaintiff is not entitled to injunctive relief as monetary relief sufficiently may remedy any actionable harm alleged.

<u>Eleventh Affirmative Defense</u>

42. The injunctive relief sought is overbroad.

<u>Twelfth Affirmative Defense</u>

43. Plaintiff lacks capacity to sue.

<u>Thirteenth Affirmative Defense</u>

44. If the allegations in the Complaint are true, which Defendants deny, then any damages, if any, purportedly suffered by Plaintiff were not proximately caused by Defendants' alleged conduct.

<u>Fourteenth Affirmative Defense</u>

45. The copyright in the allegedly infringed work was forfeited.

**WHEREFORE,** Defendants respectfully request the following relief:

1. That the Complaint be dismissed in its entirety and judgment entered herein in favor of Defendants;

2. That Plaintiff be compelled to pay Defendants' attorneys fees and costs in connection with this Action; and

3. For all other and further relief which to this Court may seem proper.

Dated: New York, New York
March 21, 2008

          COWAN, DeBAETS, ABRAHAMS &
          SHEPPARD LLP

          By:    /s/
              Nancy E. Wolff (NW-7805)
              Toby M.J. Butterfield (TB-8859)
              Zehra J. Abdi (ZA-7035)

          41 Madison Avenue, 34th Floor
          New York, New York 10010
          Tel.: (212) 974-7474

          *Attorneys for Defendants The New York Times Company, Howard Mandelbaum and Photofest, Inc.*