# COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
## ATTORNEYS AT LAW

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

FREDERICK P. BIMBLER
TOBY M.J. BUTTERFIELD
AL J. DANIEL, JR.+
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
KENNETH N. SWEZEY

DAVID BRUCE WOLF
NANCY E. WOLFF*^

M. KILBURG REEDY
MATTHEW A. KAPLAN^
LISA K. DIGERNES
MASON A. WEISZ*
ZEHRA J. ABDI
ALEXIS N. MUELLER

OF COUNSEL:
ANNE C. BAKER
ANDREA F. CANNISTRACI
ERIC LIEBELER
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

SPECIAL COUNSEL:
SUSAN H. BODINE

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD., STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

+ALSO ADMITTED IN AR & DC
*ALSO ADMITTED IN CA
^ALSO ADMITTED IN NJ

April 9, 2008

BY HAND

Honorable Richard M. Berman
United States Courthouse
500 Pearl St., Room 650
New York, NY 10007

Re:   Richard Feiner and Co., Inc. v The New York Times Company, et al.
      Case No. 07cv11218

Dear Judge Berman:

We write to request a pre-motion conference concerning our intended motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(1). Plaintiff has no copyright registration in the allegedly infringed works, so this Court has no subject matter jurisdiction over plaintiff's copyright and related claims.

[Handwritten endorsement: MEMO ENDORSED — Pl to respond w/ 2-3 pp letter by 4/15/08 (nmn) + conference on 4/16/08 @ 9:30. SO ORDERED: Date: 4/10/08  Richard M. Berman, U.S.D.J.]

## There Is No Copyright Registration in the Images

Plaintiff's complaint, Exhibit A, alleges ownership of copyrights to still photographic images of Laurel & Hardy, but fails to reference or annex any Certificate of Registration in those images. Instead, plaintiff claims rights "as registered in the Copyright Office of the Library of Congress on the 17th day of April 1972 at LP 1445, pages 423-425." Complaint, ¶ 3. Defendants' copyright search reveals this is merely an assignment from Hal Roach Studios, Inc., to Plaintiff, recorded in April 1972 (the "Assignment"). (Exhibit B).

Plaintiff also alleges that it owns rights to one such photograph of Laurel & Hardy in a scene from the 1930 movie "Hog Wild" (the "Image"), which plaintiff alleges was published in a

1975 book entitled *Laurel & Hardy* (the "Book") "as registered for copyright protection with the Copyright Office at A 680131." Complaint, ¶ 3. Again, plaintiff fails to reference any Registration in the Image. A copy of the Book registration (Exhibit C) is limited to text, compilation and filmography (listing of films) and does not protect any images. This court, therefore, lacks subject matter jurisdiction. See 17 U.S.C.A. § 411(a) "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the work has been made in accordance with this title" *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 453 (2d Cir.1989)("proper registration is a prerequisite to an action for infringement"); *Country Road Music, Inc. v. MP3.com, Inc.*, 279 F. Supp. 2d 325, 332 (S.D.N.Y.2003) (dismissing for lack of subject matter jurisdiction).

### The Image Is In The Public Domain

Plaintiff concedes that these images are publicity stills. There is no doubt that publicity stills from this era are in the public domain. These stills are not "screen grabs" but photographic works created by still photographers on the studio set and widely distributed by the studios for publication in newspapers and magazines to promote the movie's release, without regard for copyright notice. Publication of a work without notice before March 31, 1989 automatically thrust a work into the public domain. *See* 2 Nimmer § 7.02[C][1]; 17 U.S.C. § 10 (1976 ed.). Indeed, the "Hog Wild" Image was published in a 1967 book without copyright notice in the name of plaintiff's claimed predecessor-in-interest Hal Roach Studios, on page 103 of "The Films of Laurel and Hardy". (A copy of the relevant pages is annexed as Exhibit D.) The copyright notice in the book is in the name of William K. Everson, and does not extend to the publicity stills as Everson claims no ownership to them. See *Morris v. Business Concepts, Inc.* 259 F. 3d 65, 71 (2nd Cir. 2001) (Unless the copyright owner of a collective work also owns all

the rights in the constituent part, the collective work registration will not extend to the constituent part.)

Finally, copyright in the pre-1978 stills expired long ago, as they were never registered upon publication or timely renewed. The Copyright Act of 1909 required published works to be registered with the Copyright Office and renewed before the end of the 28th year after publication or the work would enter the public domain. *Twin Books Corp. v. Walt Disney Co.*, 83 F.3d 1162, 1165(9th Cir. 1996). As plaintiff has referenced no copyright registration or renewal registration in any publicity stills in its complaint, all are in the public domain.

Neither can plaintiff claim a valid copyright registration in the publicity stills by virtue of its alleged registration of the 1975 Book, which incorporated the public domain images. *Hearn v. Meyer*, 664 F. Supp. 832, 835 (S.D.N.Y. 1987) (quoting *Gerlach-Barklow Co. v. Morris & Bendien, Inc.*, 23 F.2d 159, 161 (2d Cir. 1927)) (a copy of something in the public domain will not support a copyright infringement claim).

**Plaintiff's Other Claims Should Be Dismissed**

Plaintiff's other related claims must also be dismissed, because they all assert rights within the general scope of copyright and seek relief for alleged unauthorized copying and use of plaintiff's works. *Dastar Corporation v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32-35 (2003) (dismissing claim under § 43(a) of Lanham Act concerning works no longer protected by copyright). As plaintiff has no jurisdiction to bring his copyright action in this Court, it has no jurisdiction to entertain plaintiff's other claims that derived from its alleged copyright claim. We therefore request a pre-motion conference regarding written defendants' anticipated motion.

Respectfully,

Nancy E. Wolff

Enclosures
cc: Gregory Sioris, Esq.
    Toby M.J. Butterfield, Esq.