GREGORY A. SIORIS  
ATTORNEY AT LAW

PHONE (212) 840-2644  
FAX (212) 921-0163

SUITE 7606  
350 FIFTH AVENUE  
NEW YORK, N.Y. 10118-7606

April 15, 2008

Via ECF and By Hand

The Honorable Richard M. Berman  
United States District Court  
500 Pearl Street  
New York, NY 10007

Re: **Richard Feiner & Co., Inc. v. The New York Times Co. et. al.  
07 Civ. 11218(RMB)**

Dear Judge Berman:

    The undersigned is counsel to Richard Feiner & Co., Inc. (Feiner) in the above captioned copyright infringement suit. This letter answers the letter of defendants' counsel Nancy E. Wolff, Esq., dated April 9, 2008.

    The substantive issues of this dispute are governed by the Copyright Act of 1909, since the facts surrounding the rights to the still photographic images of Stan Laurel and Oliver Hardy as created by Hal Roach Studios occurred prior to the enactment of the Copyright Act of 1978, *Roth v. Pritikin*, 710 F.2d 934, 938-940 (2nd Cir. 1983)

    The photographic images of this dispute are derived from the copyrighted Laurel & Hardy motion picture photoplays *Hog Wild* and *Leave 'Em Laughing*, created by Hal Roach Studios. By assignment dated April 7, 1972 and recorded in the Copyright Office at Volume 1445, page 423, Roach assigned Feiner "all of the still photographs, and any and all other elements of the LAUREL AND HARDY copyrighted motion picture photoplays". Based on this very broad assignment, Feiner published its 400 page book, *Laurel & Hardy*, which it registered with the Copyright Office at A 680131, dated October 14, 1975. The filing a copyright renewal certificate for the book was obviated by the Copyright Renewal Act of 1992, codified at 17 U.S.C. §304(a)(2)(A)(ii), see *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, footnotes 8-9, (2nd Cir. 2003).

GREGORY A. SIORIS

The Honorable Richard M. Berman
United States District Court
April 15, 2008
Page Two


The *Laurel & Hardy* book published photographs of the pair which were previously unpublished or exhibited under the 1909 Copyright Act's doctrine of limited publication. There is distinction between a work's publication and its limited publication under the 1909 Act, the latter allowing a proprietor to publicly exhibit a work without it losing its protection under its common law copyright, *Patterson v. Century Productions, Inc.*, 93 F.2d 489, 492 (2nd Cir. 1937), *Paramount Pictures Corp. v. Rubinowitz*, 217 U.S.P.Q. 48 (E.D.N.Y. 1981), *National Broadcasting Co., Inc. v. Sonneborn*, 630 F.Supp. 524 (D.Conn. 1985).

Defendants willfully neglect citing rulings from Court's in this District which confirm my client's rights in the still photographic images of Laurel & Hardy which prove that it has standing to sue when they are infringed. In *Price v. Hal Roach Studios, Richard Feiner & Co. Inc. et. al.*, 400 F.Supp. 836, at 842 (S.D.N.Y. 1975), Stewart, J., "plaintiffs concede that defendants, by virtue of their copyrights, are entitled to use 'stills' or single frames, from the copyrighted movies." In *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 1984 U.S. Dist. LEXIS 23570 at *8-9, (S.D.N.Y. 1984), Motley, J., "the court concludes that Feiner & Co. has standing to sue under the Copyright Act", confirming Feiner's rights under the 1972 assignment from Roach. In *Richard Feiner & Co., Inc. v. H.R.I. Industries, Inc., dba The Hollywood Reporter*, 10 F.Supp.2d 310, at 313 (S.D.N.Y. 1998), Owen, J., "Here, Feiner's valid copyright in the photograph, as well as HRI's copying, has been conceded". In *Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp. and Larry Harmon*, 38 F.Supp.2d 276 at 277 (S.D.N.Y. 1999), Owen, J., "Feiner holds the copyrights to several motion pictures of the late comedy team of Stan Laurel and Oliver Hardy, as well as the still photographic images derived from those movies". Damages have been awarded on the infringement of a still photographic image, *Richard Feiner and Co., Inc. v. Passport International Productions, Inc.*, 1998 U.S. Dist. LEXIS 11878 (S.D.N.Y. 1998), Owen, J.

Contrary to defendants' counsel's claim, plaintiff has never conceded the images at issue in this suit are "publicity stills", however, *arguendo*, even if they are, they are still protected

GREGORY A. SIORIS

The Honorable Richard M. Berman
United States District Court
April 15, 2008
Page Three


under the copyright registration issued for Feiner's *Laurel & Hardy* book as per §209 of the 1909 Act.  As regards counsel's claims that these images are in the public domain because of their purported publication by a third person in 1967, the 1909 Copyright Act forbids a third person to vitiate a proprietor's rights by publishing images and dedicating them to the public.  Under the 1909 Act for a work to be dedicated to the public a "'divestive' publication" has to occur where there has been no reservation of rights.  Proving that a "'divestive' publication" has occurred requires a "higher standard" of factual proof, which "carries out the policy of the copyright laws to safeguard an author's rights in his works against both piracy and an unwitting forfeiture", *Roy Export v. Columbia Broadcasting System, Inc.*, 672 F.2d 1095, 1101-1102 (2nd Cir. 1982), *cert den.* 459 U.S. 826 (1982).  Counsel fails to broach, let alone meet, the requisite "higher standard" of factual proof needed to prove public dedication of the images created by Hal Roach Studios.  Notably absent is proof of the day, month and year that the works were allegedly dedicated to the public, the name and title of the Hal Roach representative who dedicated these works and the circumstances surrounding their dedication.  Lacking competent evidence proving a public dedication, a motion to dismiss a complaint asserting a valid copyright infringement claim cannot be supported by speculation or conjecture.

**Plaintiff's Other Claims Are Actionable**

Defendant Photofest has placed its attribution under plaintiff's images as published in The New York Times on May 3, 2007.  In addition plaintiff's images appear in defendants' Photofest and Mandelbaum's web site, showing that they are attempting to sell plaintiff's images under the Photofest name.  Under *Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp.*, 38 F.Supp.2d 276 at 280 (S.D.N.Y. 1998) Judge Owen held that such conduct is "reverse passing off" and is actionable under the Lanham Act and meets the pleading requirements of the Lanham Act.

Without the plaintiff conducting discovery on its other claims it is premature to dismiss these claims.

GREGORY A. SIORIS

The Honorable Richard M. Berman
United States District Court
April 15, 2008
Page Four

    I thank Your Honor for considering this letter and am available to answer any queries that the Court may have.

Respectfully yours,

Gregory A. Sioris

GAS: ms

Cc: Nancy E. Wolff, Esq. (via fax and ecf)