IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**RICHARD FEINER AND CO., INC.,**

**Plaintiff,**

**vs.**

**THE NEW YORK TIMES COMPANY, PHOTOFEST, INC. AND HOWARD MANDELBAUM,**

**Defendants.**

**Civil Action No. 07 Cv 11218 (RMB)(RLE)**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

May 7, 2008

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
Nancy E. Wolff
Toby M.J. Butterfield
Zehra J. Abdi
41 Madison Avenue, 34th Floor
New York, NY 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474

Attorneys for defendants The New York Times Company, Photofest, Inc. and Howard Mandelbaum

# TABLE OF CONTENTS

INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 2

PROCEDURAL HISTORY ..... 3

ARGUMENT ..... 4

**I.** PLAINTIFF'S CLAIMS ARE BARRED BY 17 U.S.C. § 411(a) AND FED. R. CIV. P. 12(b)(6) FOR LACK OF A CERTIFICATE OF COPYRIGHT REGISTRATION IN THE IMAGE ..... 4

A. Plaintiff Has No Certificate of Copyright Registration in the Image ..... 4

B. No Court Ruled Plaintiff Owns A Copyright in the Image ..... 6

C. Plaintiff's Registration in A Collective Work Does Not Cover the Image ..... 8

D. The Complaint Fails to State a Claim ..... 10

**II.** PLAINTIFF'S LANHAM ACT AND UNFAIR COMPETITION CLAIMS SHOULD BE DISMISSED ..... 11

CONCLUSION ..... 13

**TABLE OF AUTHORITIES**

**CASES**

*Carroll v. Kahn*,
2003 U.S. Dist. LEXIS 17902 (N.D.N.Y. 2003) ........ 11
*Chivalry Film Productions v. NBC Universal, Inc.*,
2006 U.S. Dist. LEXIS 1177 (S.D.N.Y. 2006) ........ 11
*Contractual Obligation Productions, LLC v. AMC Networks, Inc.*,
2006 U.S. Dist. LEXIS (S.D.N.Y. 2006) ........ 12
*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003) ........ 2, 11, 12
*Egner v E.C. Music Co.*,
139 F. 2d 398 (1st Cir. 1943), ........ 6
*Freeplay Music, Inc. v. Cox Radio, Inc.*,
2005 U.S. Dist. LEXIS 12402 (S.D.N.Y. 2005) ........ 11
*Garcia v. Lewis*,
2005 WL 1423253 (S.D.N.Y. 2005) ........ 10
*Geritrex Corp. v. Dermarite Indus., LLC*,
910 F.Supp. 955 (S.D.N.Y. 1996) ........ 1
*Gregory v. Daly*,
243 F.3d 687 (2d Cir. 2001) ........ 10
*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
1984 U.S. Dist. LEXIS 23570 (S.D.N.Y. 1984) ........ 7
*Kregos v. Assoc. Press*,
795 F. Supp 1325 (S.D.N.Y. 1992), ........ 13
*Morris v. Bus. Concepts, Inc.*
259 F. 3d 65 (2d Cir. 2001) ........ 2, 10
*New York Times Co. v. Tasini*,
533 U.S., 121 S.Ct. 2381 ........ 9
*Price v. Hal Roach Studios, Inc., Richard Feiner & Co., Inc. et al.*,
400 F. Supp. 836 (S.D.N.Y. 1975) ........ 7
*Public Ledger Co. v. Post Printing & Publishing Co.*,
294 F. 430 (8th Cir. 1923) ........ 6
*Richard Feiner & Co. v. HR Industries, Inc. dba The Hollywood Reporter*,
182 F.3d 901, 1999 WL 385763 (2d Cir. 1999) ........ 8
*Richard Feiner & Co. v. HR Industries, Inc. dba The Hollywood Reporter*,
10 F. Supp. 2d 310 (S.D.N.Y. 1998) ........ 7
*Richard Feiner & Co., Inc. v. Larry Harmon Pictures Corp. and Larry Harmon*,
38 F. Supp. 2d 276 (S.D.N.Y. 1999) ........ 8
*Richard Feiner & Co., Inc. v. Passport International Productions, Inc.*
1998 U.S. Dist LEXIS 11878 (S.D.N.Y. 1998) ........ 8
*Schnall v. Marine Midland Bank*,
225 F.3d 263 (2d Cir.2000) ........ 10
*Smith v. New Line Cinema*,
2004 U.S. Dist. LEXIS 18382 (S.D.N.Y. 2004) ........ 12

*Twentieth Century Fox Film Corp. v. Dastar Corp.*,
2003 WL 22669587 (C.D.Cal. 2003) ........ 12
*Twentieth Century Fox Film Corp. v. Marvel Enters.*,
220 F. Supp. 2d 289 (S.D.N.Y. 2002) ........ 12
*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*,
354 F.3d 112 (2d Cir. 2003) ........ 1
*Williams v UMG Recordings Inc.*,
281 F. Supp. 2d 1177 (C.D. Cal 2003) ........ 12
*Zyla v. Wadsworth*,
360 F.3d 243 (1st Cir. 2004) ........ 12

**STATUTES**

15 U.S.C § 1125(a) ........ 3, 11
17 U.S.C. § 411(a) ........ passim
17 U.S.C. §§ 201(c), 103(b) ........ 9

**RULES**

Fed. R. Civ. P. 12(b) ........ 1, 4, 8, 11, 13
Fed.R. Civ. P. 8 ........ 8

## INTRODUCTION

Defendants Photofest, Inc., a photography archive, its owner Howard Mandelbaum and The New York Times Company (collectively, "Defendants") respectfully move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the claims by plaintiff Richard Feiner & Co. Inc. ("Feiner") for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

Plaintiff's complaint alleges that Defendants violated copyrights in certain still images of the comedy team of Laurel & Hardy by distributing one of these images for commercial use. Complaint, ¶ 8. 17 U.S.C. § 411(a) makes clear that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." Despite this well-settled and elemental rule, Plaintiff has failed to show it owns a valid copyright registration in the image it claims was infringed (the "Image"). Without such a showing, this Court lacks jurisdiction to hear Plaintiff's claim for copyright infringement. *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112, 115 (2d Cir. 2003) (affirming the District Court's determination that it lacked subject matter jurisdiction over plaintiff's unregistered work, even where the unregistered work was derived from plaintiff's registered work); *Geritrex Corp. v. Dermarite Indus., LLC*, 910 F.Supp. 955, 966 (S.D.N.Y. 1996) (dismissing copyright infringement claim where plaintiff failed to allege ownership of a registered copyright).

Instead of providing a valid copyright registration, Plaintiff cites to an assignment recorded with the Copyright Office, alleging that this is conclusive of its ownership of the copyrights to the image at issue in this case. Plaintiff cites no authority that an assignment of rights can satisfy 17 U.S.C. § 411(a)'s jurisdictional prerequisite of a registration. Equally

troubling, Plaintiff makes no showing that the assignee in the aforementioned transaction ever had title to or copyright in the Image. Thus, rather than showing a valid copyright registration, Plaintiff has simply pointed to a vague assignment of some rights in some undefined works, leaving unfulfilled the plain requirement of 17 U.S.C. § 411(a).

Plaintiff also attempts to circumvent this requirement by claiming ownership of the copyright in the Image by virtue of copyright registration in a book in which the Image appears along with many other works. This argument fails, however, because the book to which Plaintiff points is a collective work that includes the contributions of three separate authors, none of whom is the Plaintiff. Each of these authors is listed on the Certificate of Registration; Plaintiff is not. Nevertheless, even if Plaintiff was a valid copyright owner of this book, Plaintiff's argument still fails because registration of a collective work is inadequate to allow suit to proceed for infringement of an underlying work. *Morris v. Bus. Concepts, Inc.* 259 F. 3d 65 (2d Cir. 2001); Nimmer on Copyright 7.16[B][2]. As Plaintiff has not shown ownership of, nor even an application for, a copyright registration in the Image, Plaintiff's complaint must be dismissed under 17 U.S.C. § 411(a) for lack of subject matter jurisdiction and for failing to state a claim on which relief may be granted.

Finally, Plaintiff's Lanham Act and related common law claim for unfair competition must also be dismissed in accordance with *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

## FACTUAL BACKGROUND

Feiner filed this complaint on December 13, 2007, alleging it holds copyrights to various still photographic images of Laurel & Hardy and that those rights were infringed when defendant Photofest, Inc. loaned the Image, depicting a scene from the 1930 movie "Hog Wild", to The

New York Times Company to accompany an editorial article. The article, entitled "Easy, Mr. Fix It", appeared in the House and Home section of *The New York Times* on May 3, 2007.

Plaintiff claims it has standing to bring this action because it is the "assignee" of Hal Roach Studios, Inc., and that it holds the copyrights to the images of Laurel and Hardy, and alleges that Defendants "willfully and knowingly" infringed its copyright by using, exhibiting and selling Plaintiff's work in direct contravention of Plaintiff's right to control the publication and dissemination of the still photographic images. Complaint, ¶ 8. Plaintiff further alleges that Defendants' acts constitute false designation of origin and misappropriation in violation of 15 U.S.C § 1125(a) as well as unfair competition. Complaint ¶ 18. Plaintiff seeks injunctive relief, Complaint ¶ 16, exemplary damages, Complaint ¶ 19, disgorgement of profits, Complaint ¶ 22, statutory damages, Complaint ¶ 22, costs, interests and attorneys fees, Complaint ¶ 30.

## PROCEDURAL HISTORY

Defendants Photofest, Inc. and Howard Mandelbaum timely answered on March 6, 2008. Defendants timely amended their answer to include The New York Times Company as a Defendant on March 21, 2008, shortly after it was served. On April 9, 2008, Defendants wrote to the Court requesting a pre-motion conference concerning this motion to dismiss ("Defendants' Letter"). A copy of that letter is Exhibit A to the accompanying declaration of Zehra Abdi sworn to May 7, 2008 (the "Abdi Dec."). The day before the pre-motion conference was held on this matter on April 16, 2008, Plaintiff responded. *See* Abdi Dec., Ex. B ("Plaintiff's Letter"). For the reasons described below, the cases cited in Plaintiff's Letter are wholly irrelevant, as they concern other motion pictures or images than those in issue.

As Plaintiff's complaint referenced several copyright office records, Complaint, ¶ 3, and films from which the Image allegedly derived, Complaint ¶ 9, Defendants commissioned searches of the register of copyrights at the Library of Congress. Abdi Dec., Exs. C-F. Those

searches revealed that none of the documents Plaintiff references constitute registration of the Image, as explained below.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY 17 U.S.C. § 411(a) AND FED. R. CIV. P. 12(b)(6) FOR LACK OF A CERTIFICATE OF COPYRIGHT REGISTRATION IN THE IMAGE.

Plaintiff has no certificate of copyright registration in the Image and, therefore, does not have standing to invoke the jurisdiction of this Court over a claim it was infringed. Under 17 U.S.C. § 411(a), "registration of the copyright claim . . . in accordance with this title" is a jurisdictional prerequisite to commencing litigation in the federal courts. Absent a valid certificate of registration in the Image, this Court lacks jurisdiction over Plaintiff's copyright claims.

#### A. Plaintiff Has No Certificate of Copyright Registration in the Image

Plaintiff's Complaint alleges it holds copyrights to the still photographic images of the comedy team Laurel & Hardy, "as registered in the Copyright Office of the Library of Congress on the 17th day of April 1972 at LP 1445, pages 423-425." Complaint, ¶ 3. Plaintiff thus implies that it owns a valid Certificate of Registration to all still photographic images of Laurel & Hardy. No such certificate is annexed to the complaint. Defendants commissioned a copyright search of the alleged registration, which revealed that contrary to Plaintiff's implication, the document referenced is not a Certificate of Registration, but merely a document assigning certain rights from Hal Roach Studios, Inc., as assignor, to Plaintiff, as assignee, which was recorded with the Copyright Office in April 1972 (the "Assignment"). *See* Abdi Dec. Ex. C.

The Assignment is not a registration, and so does not satisfy the statute. The Assignment also does not provide evidence of a registration, as it references none. Nor does it evidence any ownership of the Image: it makes no mention of it at all. Instead, the Assignment simply assigns

to Plaintiff certain merchandising, novelty and commercial rights to utilize excerpts from film footage and elements of various Laurel & Hardy photoplays including the film "Hog Wild," released 40 years earlier, a scene from which is the subject of the Image.

Blindly citing a page in the federal copyright register does not satisfy a plaintiff's burden to establish it owns a valid copyright registration. Unless a plaintiff asserts in its pleadings that it has received an actual certificate of registration or a denial from the Copyright Office, District Courts are without subject matter jurisdiction to hear claims for federal copyright infringement. 17 U.S.C.A. § 411(a). As Plaintiff has done neither, its complaint must be dismissed.

In addition, the language of the Assignment does not even evidence a transfer of any copyright in the Image. First, as described above, it makes no mention of the Image. Second, the Assignment states that Plaintiff's right to exploit media rights are limited to the "rights controlled by the Hal Roach Studios, Inc.," Assignment, ¶ 1, without stating what these rights are, how they were acquired, or what they included. The Assignment does not inventory any titles of works or goods, nor does it annex any schedule or exhibit. Instead, Plaintiff's complaint simply assumes that the Image is a still frame photograph taken from the celluloid of the film version of "Hog Wild."[1]

Even if, *arguendo*, the Assignment constituted a valid assignment of a copyright in "Hog Wild," Plaintiff cannot demonstrate that Hal Roach Studios, Inc. was ever the copyright owner of the rights to it, either at the time the Image was created, or in 1972, when the Assignment was filed. In fact, a search of records at the Copyright Office reveals that the two Laurel & Hardy films referenced in Plaintiff's complaint, "Hog Wild" and "Leave Em Laughing," were

---

[1] If the Court does not dismiss the case on this motion, Defendants will contest this factual point, because typically, still photographs such as the Image were (and still are to this day) taken by still photographers on the sets of motion pictures and television programs, for use in advertising and promoting the productions.

registered for copyright in the name of Arthur Lewis Weir in 1928 and Metro Goldwyn Mayer Corporation in 1928. *See* Abdi Dec., Ex. E-F. The chain of title search for these films makes no reference to Hal Roach Studios, Inc., nor to any subsequent transfers or assignments of the copyright in these films. Therefore even if the Image were a still frame taken from the celluloid of the film (an assertion Plaintiff never makes), Plaintiff has not and cannot demonstrate that it owns copyright in the films.

Finally, the Assignment also explicitly states that the rights granted are "specifically made pursuant and subject to the terms and provisions of a certain agreement between the parties dated May 1st, 1969." As Plaintiff has failed to include this agreement, it is impossible to determine what exclusive rights, if any, were granted via the Assignment. At most, the Assignment can be construed as a license for merchandising use of certain film footage purportedly owned by Hal Roach Studios in 1972. As it is at most a mere licensee, Plaintiff cannot state a claim of copyright infringement. *Egner v E.C. Music Co.,* 139 F. 2d 398 (1st Cir. 1943), cert denied, 322 U.S. 730 (1944); see *Public Ledger Co. v. Post Printing & Publishing Co.,* 294 F. 430 (8th Cir. 1923). The Assignment does not meet the 17 U.S.C. § 411(a) standard and does not give this Court jurisdiction over Plaintiff's copyright claims.

**B. No Court Ruled Plaintiff Owns A Copyright in the Image**

In their pre-motion letter, Defendants addressed these issues for the Court. In response, Plaintiff attempted to convince this Court that copyright ownership in and to this Image has previously been adjudicated and confirmed, citing various prior cases. Abdi Dec., Ex. B (Plaintiff's Letter). Those cases, some of which Plaintiff itself brought, are against non-parties about other motion pictures or are about completely different subject matter. Those other decisions are thus irrelevant to this case. Even if the facts of those cases were otherwise, no

other decision could overcome the absence of a copyright registration in the Image, granting jurisdiction to bring this case.

First, Plaintiff's Letter cited *Price v. Hal Roach Studios, Inc., Richard Feiner & Co., Inc. et al.,* 400 F. Supp. 836, 842 (S.D.N.Y. 1975), for the proposition that "defendants, by virtue of their copyrights, are entitled to use stills or single frames from the copyrighted movies." Plaintiff's Letter, ¶ 5. Plaintiff fails to mention, however, that the court in *Price* was not asked to address the issue of copyright ownership in the movies nor the stills. At issue in *Price* was ownership of the commercial rights to use the names and likenesses of Laurel and Hardy. There was no determination in *Price v. Hal Roach Studios* of copyright ownership, making this case inapplicable.

Plaintiff then cited to *Hal Roach Studios, Inc. v Richard Feiner & Co., Inc.,* 1984 U.S. Dist. LEXIS 23570 at 8-9 (S.D.N.Y. 1984), supposedly to prove that "Feiner & Co. has standing to sue under the Copyright Act." Plaintiff's Letter, ¶ 5. At issue in that case was defendants' alleged right to produce and distribute record albums using soundtracks of Laurel & Hardy movies pursuant to licenses from plaintiff. That court simply did not address copyright ownership of the movies or still photographs. Thus, this decision is equally irrelevant.

While Plaintiff's Letter was quick to accuse Defendants of "willfully" neglecting to cite rulings that allegedly confirm its rights to still photographic images, Plaintiff's Letter, ¶ 5, Plaintiff itself neglected to cite the appeals court decision which vacated the next decision upon which it relied. Plaintiff cited *Richard Feiner & Co. v HR Industries Inc. dba The Hollywood Reporter*, 10 F. Supp. 2d 310 at 313 (S.D.N.Y. 1998), quoting the language "Here, Feiner's valid copyright in the photograph, as well as HRI's copying has been conceded." That decision was reversed 1999, when the Court of Appeals held that the district court erred on that very point,

and found that HRI did **not** concede Feiner's ownership of the copyright to a still photograph of Laurel & Hardy that was published in an issue of *The Hollywood Reporter*. *See Richard Feiner & Co. v HR Industries*, 182 F.3d 901, 1999 WL 385763 (2d Cir. 1999) (district court erred in finding that HRI conceded Feiner's ownership of the copyright to the still photograph of Laurel & Hardy).

Next, in *Richard Feiner & Co., Inc. v Larry Harmon Pictures Corp. and Larry Harmon*, 38 F. Supp. 2d 276, 277 (S.D.N.Y. 1999), Feiner commenced an action against Harmon, a production company and the rightsholder to the personas, characters and likenesses of Laurel and Hardy, claiming that Harmon took photographic stills from Feiner's copyrighted works and sold or distributed them to third parties for profit. Harmon's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) was denied because the judge ruled that Feiner met its pleading requirements. That case concerned other motion pictures and other images, and did not analyze whether publicity stills were frames taken from the motion pictures in issue in that case. Furthermore, that decision was based on Fed.R. Civ. P. 8 pleading requirements, not whether copyright in the allegedly infringed image had been registered. And in any event, as Defendants were not parties to that case, they are not bound by any of its factual determinations. Plaintiff cannot misconstrue precedent to prevent future defendants from properly pointing out that Plaintiff owns no valid copyright in the subject works.

Finally, Plaintiff relied upon *Richard Feiner & Co., Inc. v Passport International Productions, Inc.,* 1998 U.S. Dist LEXIS 11878 (S.D.N.Y. 1998), which is inapplicable because the defendants in that action had already conceded liability in an earlier case. The court was only asked to determine the willfulness of the infringement and the remedies, not to decide the case

on the merits ("the only issues before me are the willfulness of the infringement and the remedies that properly flow from that infringement"). In this case, Defendants have not conceded liability.

**C. Plaintiff's Registration in A Collective Work Does Not Cover the Image**

As explained above, Plaintiff is unable to show any copyright registration for the Image, or that one exists, or that it owns the films in question, or that any court has so ruled. Grasping at straws, Plaintiff next alleges that the Image was published in a 1975 book entitled *Laurel & Hardy* (the "Book") "as registered for copyright protection with the Copyright Office at A 680131." Complaint, ¶ 3. Plaintiff claims that this registration (the "Book Registration") constitutes registration of a copyright in the Image, so granting jurisdiction to hear Plaintiff's copyright infringement claim. Plaintiff neglected to annex a copy of the Book Registration to the Complaint, so Defendants obtained a copy. *See* Abdi Dec., Ex. D.

While Plaintiff filed the Book Registration in 1975 naming itself as copyright claimant, the Book Registration does not credit Plaintiff as the author of any underlying material. Instead, the Book Registration registered copyright in "Text by John McCabe, Compiled by Al Kilgore, Filmography by Richard W. Bann." The Book Registration thus confirms that the book is a collective work made up largely of those contributions by three separate individuals. It is well settled that copyright in the collective work vests in the collective author, and extends only to the creative material contributed by that author, not to "the preexisting material employed in the work." *New York Times Co. v. Tasini,* 533 U.S. at 488, 121 S. Ct. 2381. at 494, 121 S. Ct. 2381 (quoting 17 U.S.C. §§ 201(c), 103(b)). As that Court made clear, a copyright in a compilation of articles and images is a "thin" copyright and only protects the specific selection and arrangement of the underlying elements, not their content.

Notably, the Book Registration makes no claim whatsoever to images or photographs. It makes no reference to photographs or stills, nor does it attribute any of the underlying

components of the Book to Richard Feiner or Plaintiff. The Book Registration thus makes clear on its face that it does not cover the Image.

Even if Plaintiff could prove ownership of copyright in the Image, and that the Image appeared in the Book, the Image itself must be registered for Plaintiff to bring a copyright claim that it has been infringed. Plaintiff may not rely on registration of a collective work which merely incorporates the Image: the Second Circuit rejected that proposition in *Morris v Bus. Concepts, Inc.* 259 F. 3d 65 (2d Cir. 2001), holding that a freelance author who contributed articles to a magazine could not satisfy the jurisdictional requirement of 17 U.S.C. § 411(a) by relying on registration obtained by the magazine publisher. 259 F.3d at 71-72. Moreover, *Morris* also rejected counsel's argument that the publisher's own registration should be deemed to be constructively made on behalf of the contributor of each contribution hereto. *Id.*, 259 F. 3d at 72-73; *see also* Nimmer on Copyright 7.16[B][2] at 7-172.2-173 ("Registration of the collective work is inadequate to allow suit to proceed for infringement of an underlying work"). As the Book is indisputably a collective work, the Book Registration does not satisfy the jurisdictional requirements of 17 U.S.C. § 411(a).

**D. The Complaint Fails to State a Claim**

The copyright claims in the Complaint cannot succeed as a matter of law because Plaintiff does not own the rights to the Image it claims were infringed. Nor does its registration in the Book containing the Image confer copyright ownership to the Image. Plaintiff's Complaint references the Assignment that purportedly transferred the copyright to Plaintiff, and the Book Registration. As explained above, Defendants' copyright search produced both documents, which on their face demonstrate that Plaintiff does not own the rights it claims.[2]

---

2 In determining a 12(b)(6) motion to dismiss, the Court may consider documents outside the complaint that are integral to it, regardless of whether those documents are attached to the

Neither the Assignment nor the Book Registration makes any mention of copyright ownership in the Image. As the plain language of those documents show, Plaintiff is at most the copyright holder of the text, compilation and filmography in the Book, a collective work. These documents show on their face that these authors gave Plaintiff no rights to the Image. Plaintiff's complaint thus fails to state a copyright claim upon which relief may be granted.

## II. PLAINTIFF'S LANHAM ACT AND UNFAIR COMPETITION CLAIMS SHOULD BE DISMISSED

In *Dastar Corp. v Twentieth Century Fox Film Corp.,* 539 U.S. 23 (2003), the Supreme Court ruled that the Lanham Act cannot be used to litigate claims concerning attribution or misattribution of authorship, or claims that are in essence copyright infringement claims. Plaintiff's 15 U.S.C. § 1125(a) claims herein of false designation of origin are exactly the type of "misuse or overextension" claims that *Dastar* precludes.

In *Dastar*, the Supreme Court concluded that in cases concerning "communicative works," the term "origin" in § 43(a) refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. Id at 32. The Supreme Court found that there could be no Lanham Act violation where the party identified as manufacturer and producer of videotapes was in fact the manufacturer and producer of the physical videotapes. Under *Dastar* the only possible claim under § 43(a)(1)(A) for false statement of origin of a communicative work is a claim based on false identification of its manufacturer or producer.

---

complaint, so long as the pleader has given notice of them or refers to them. See *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001); *Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir.2000) ("[W]hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion."); *Garcia v. Lewis*, 2005 WL 1423253, at *3 (S.D.N.Y. 2005).

Since *Dastar*, courts in this Circuit and others have uniformly followed this rule to dismiss claims under Rule 12(b)(6). *See Chivalry Film Productions v. NBC Universal, Inc.*, 2006 U.S. Dist. LEXIS 1177 at *12 (S.D.N.Y. 2006) ("failure to credit the true author of a copyrighted work is not a false designation of origin"); *Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 U.S. Dist. LEXIS 12402 at *10 (S.D.N.Y. 2005) (same); *Carroll v. Kahn*, 2003 U.S. Dist. LEXIS 17902 at *15 (N.D.N.Y. 2003) (dismissing plaintiff's Lanham Act claim for failure to give credit); *Zyla v. Wadsworth,* 360 F.3d 243, 252 (1st Cir. 2004) (holding that *Dastar* barred plaintiff's false authorship claim); *Contractual Obligation Productions, LLC v. AMC Networks, Inc.,* 2006 U.S. Dist. LEXIS at pages *25-*27 (S.D.N.Y. 2006) (denying plaintiff's Lanham Act claim for failure to correctly credit plaintiff as the television show's originator, producer and creator and for inaccurately labeling the show as Canadian production rather than an American production); *Smith v. New Line Cinema,* 2004 U.S. Dist. LEXIS 18382 at *10-11 (S.D.N.Y. 2004) (citing *Dastar* to dismiss claim under § 43(a)(1)(A) for misattribution of authorship); *see also* McCarthy, *McCarthy on Trademarks,* §27:77.1 at 27-183.

Here, The New York Times is correctly identified as the originator of the newspaper in which the image is printed, and Photofest as the supplier of the archival image that was printed. Plaintiff cannot therefore allege that the origin of the image has been misidentified as Photofest or Mandelbaum. To the extent Plaintiff has any claim, which it does not, such claim is under the Copyright Act, not the Lanham Act.

Plaintiff's common law claim of unfair competition must also be dismissed. Following the *Dastar* Supreme Court decision, the *Dastar* lower court dismissed Plaintiff's claims of common law unfair competition, finding that such claims are substantially congruent. *Twentieth Century Fox Film Corp. v. Dastar Corp.*, 2003 WL 22669587 (C.D.Cal.,2003) (citing *Williams v*

*UMG Recordings Inc.,* 281 F. Supp. 2d 1177, 1186(C.D. Cal 2003) for the proposition that "any unfair competition claim would be futile because of the congruence of Lanham Act and California unfair competition claims"). In this Circuit, the congruence of such claims has been repeatedly found. *See* e.g., *Twentieth Century Fox Film Corp. v. Marvel Enters.,* 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002) ("standards for trademark infringement and dilution under New York common law are essentially the same under the Lanham Act"); *Kregos v Assoc. Press,* 795 F. Supp 1325, 1336 (S.D.N.Y. 1992), *aff'd*, 3 F.3d 656 (2d Cir. 1993)(standards for § 43(a) claims under the Lanham Act and unfair competition claims under New York law are virtually the same"). Therefore, Plaintiff's claims for trademark infringement and unjust enrichment must be dismissed.

## CONCLUSION

For the reasons described above, the Court should grant defendants motion to dismiss all claims against it with prejudice pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Dated: New York, New York**
**May 7, 2008**

Respectfully submitted,

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

By: ______________________
Nancy E. Wolff
Toby Butterfield
Zehra Abdi
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel.: (212) 974-7474

*Attorneys for Defendants*

{A061972.DOC/2}