## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RICHARD FEINER & CO., INC.,       )

                           )    Docket No. 07-cv-11218 (RMB)(RLE)

    Plaintiff,          )

                           )

                           )

v.                        )

                           )

THE NEW YORK TIMES COMPANY,   )

PHOTOFEST, INC. AND         )

HOWARD MANDELBAUM,      )

                           )

    Defendants.         )

                           )

## <u>DECLARATION OF ZEHRA J. ABDI</u>

I, ZEHRA J. ABDI, declare as follows:

1.     I am an associate in the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP ("CDAS"), counsel for Defendants in the above-captioned action (the "Action"). This declaration is made in support of Defendants' Motion to Dismiss ("Motion"). The statements made below are true of my own personal knowledge and if called upon to testify, I could and would competently testify thereto.

2.     Annexed hereto as Exhibit A is Defendants' April 9, 2008 letter to the Honorable Richard M. Berman requesting a pre-motion conference regarding Defendants' intended motion to dismiss Plaintiff's complaint.

3.     Annexed hereto as Exhibit B is Plaintiff's April 15, 2008 response.

4.     Plaintiff's complaint references various copyright office records, but fails to annex any of these documents. Thus, I commissioned Federal Research Corporation, a public records research and retrieval company located in Washington D.C. to conduct searches at the Copyright Office at the Library of Congress for the referenced documents, as described below.

{A061976.DOC\2}

5.      Plaintiff's complaint alleges that "plaintiff holds the copyrights to the still photographic images of the comedy team of Stan Laurel & Oliver Hardy, as registered in the Copyright Office of the Library of Congress on the 17th day of April, 1972, at LP 1445, Pages 423-425" Complaint, ¶ 3.  However, Plaintiff's complaint did not annex that document, so I commissioned a copyright search and received a document (the "Assignment"), a copy of which is Exhibit C.

6.      Plaintiff's complaint alleges that "the still photographic images of Laurel & Hardy as authored by Hal Roach Studios have been published in the book titled Laurel & Hardy, as registered for copyright protection with the copyright office at A 680131" Complaint, ¶ 3. Plaintiff did not annex a copy of that document to its complaint, so I commissioned a copyright search and received a Certificate of Registration in the book titled "Laurel & Hardy", a copy of which is Exhibit D.

7.      Plaintiff's complaint references two films, "Hog Wild" and "Leave Em Laughing" and claims that images were derived from these films.  Examples from the complaint are as follows: "defendants licensed defendant New York Times with a still image of Laurel & Hardy which is derived from the motion picture photoplay "Hog Wild" and which also has been fixed as a still photograph by Hal Roach Studios", Complaint, ¶ 9; and, "in addition to this from Hog Wild, defendants exhibit plaintiff's copyrighted image of Laurel & Hardy on their website as derived from the Hal Roach motion picture photoplay "Leave Em Laughing,"" Complaint, ¶ 9. I therefore commissioned copyright searches for these works and received the Certificates of Registration dated October 29, 1928 for the dramatic composition entitled "Hog Wild" and dated January 9, 1928 for the motion picture photoplay entitled "Leave Em Laughing." Copies are annexed hereto as Exhibit E and F respectively.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: New York, New York
      May 7, 2008

Zehra J. Abdi

# EXHIBIT A

# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ New York _____

RICHARD FEINER AND CO., INC.,

             Plaintiff,

        V

THE NEW YORK TIMES COMPANY,
PHOTOFEST, INC. and
HOWARD MANDELBAUM,

             Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER

# 07 CV 11218

TO: (Name and address of defendant)

The New York Times Company
920 Eighth Avenue
New York, NY 10018

Photofest, Inc. and
Howard Mandelbaum
32 East 31st Street, 5th Floor
New York, NY 10016

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Gregory A. Sioris
350 Fifth Avenue, Suite 7606
New York, NY 10118-7606
(212) 840-2644

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service

J. MICHAEL McMAHON

DEC 13 2007

DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

RICHARD FEINER AND CO. INC.,

                Plaintiff,

      -against-

THE NEW YORK TIMES COMPANY
PHOTOFEST, INC. and
HOWARD MANDELBAUM,
              Defendants.
-------------------------------x

**PLAINTIFF DEMANDS TRIAL BY JURY**

**C O M P L A I N T**

Docket No. 07 CIV 11218 (RMB)

**PLAINTIFF**, through its attorney Gregory A. Sioris, Esq., complains of the defendants and alleges as follows:

## JURISDICTION AND VENUE

1.  This action is brought for copyright infringement and unfair competition, pursuant to the Copyright Laws of the United States, Title 17 U.S.C. sections 101, *et. seq.* (the Copyright Act) and 15 U.S.C. section 1125(a)(the Trademark Act). This Court has jurisdiction over this action based on 28 U.S.C. sections 1331, 1338(a) and 1338(b), and the common law of unfair competition of the State of New York.

2.  Venue is properly placed in the Southern District of New York under 28 U.S.C. sections 1391 and 1400(a), since plaintiff is a New York corporation headquartered and doing business in New York, NY, with defendants The New York Times Company, Inc., Photofest, Inc. and Howard Mandelbaum all headquartered and/or doing business in New York County.

## THE PARTIES TO THE ACTION

3.   Plaintiff, as the assignee of Hal Roach Studios, holds the copyrights to the still photographic images of the comedy team of Stan Laurel & Oliver Hardy, as registered in the Copyright Office of the Library of Congress on the 17th day of April, 1972, at LP 1445, Pages 423-425.  The still photographic images of Laurel & Hardy as authored by Hal Roach Studios have been published in the book titled *Laurel & Hardy*, as registered for copyright protection with the Copyright Office at A 680131 and renewed pursuant to the automatic renewal statute amending the renewal provisions of the 1909 Copyright Act.  The copyright in and to the still images of Laurel & Hardy as created by Hal Roach Studios are in full force and effect on the date of this complaint as are the plaintiff's rights in these still photographic images, and on the dates of the complained of acts as identified herein.  A prominent notice of copyright appears on the *Laurel & Hardy* book, with plaintiff referred to as its copyright owner.

## FACTS OF THE ACTION

4.   Defendant New York Times Company, Inc. publishes and controls the distribution of *The New York Times*, which is sold throughout the United States and whose content also appears on its Internet web site, www.nytimes.com.  The New York Times has knowledge of the plaintiff's copyright ownership in and to still images of Laurel & Hardy, having licensed Laurel & Hardy images from

2

plaintiff in the past and paying plaintiff a licensing fee for such uses.

5.  Upon information and belief, defendant Photofest, Inc., is in the business of selling still photographic images.  Photofest advertises the sale of such images through its Internet web site at the address of www.photofest.com.  Photofest, Inc. is aware, or should be aware of the plaintiff's rights in and to the still images of Laurel & Hardy, since such information is publicly available at the Copyright Office of the Library of Congress which can be accessed, among other means, via the Internet.

6.  Upon information and belief, defendant Howard Mandelbaum is the principal or majority owner of defendant Photofest, Inc. and controls the operations of defendant Photofest, Inc.  Defendant Mandelbaum is aware or should be aware of the plaintiff's rights in and to the still images of Laurel & Hardy, since such information is publicly available at the Copyright Office of the Library of Congress and having been previously warned by the plaintiff that he and Photofest are infringing plaintiff's copyrights in still photographic images of Laurel & Hardy which the plaintiff is the copyright proprietor of.

## THE DEFENDANTS' INFRINGING ACTS

7.  Defendants Photofest and Mandelbaum acting solely for their commercial benefit have placed still photographic images of Laurel & Hardy which are protected by copyright on their Internet web

site for sale to the public or for copying by the public directly from their web site. At no time have defendants Photofest and/or Mandelbaum contacted the plaintiff in order to seek its license for the Internet display of still photographic images of Laurel & Hardy, despite these defendants having actual knowledge that plaintiff is the copyright owner of these works. Despite lacking any rights to exhibit Laurel & Hardy still photographic still images as created by Hal Roach Studios, the attribution beneath the photographic images gives an attribution to defendant Photofest.

8.    Despite defendants Photofest and Mandelbaum's actual knowledge of the copyrighted status of the work and plaintiff's exclusive rights, these defendants willfully and knowingly elect to use, exhibit and sell plaintiff's work in direct contravention of the plaintiff's right to control the publication and dissemination of the still photographic images of Laurel & Hardy as authored by Hal Roach Studios, or excerpts from of such photographic images, without providing the plaintiff attribution regarding its copyright ownership interest in and to these work.  Upon information and belief, defendants Photofest and Mandelbaum's Internet web site has a prominent notice of copyright on it, and defendants are aware that they have not sought a license from plaintiff to exhibit, sell and other distribute any of plaintiff's Laurel & Hardy still photographic images of which plaintiff is the

4

copyright owner of.

9.   Without plaintiff's consent or license, defendants Photofest
and Mandelbaum licensed defendant New York Times with a still
image of Laurel & Hardy, which is derived from the motion picture
photoplay *Hog Wild* and which also has been fixed as a still
photograph by Hal Roach Studios.  The specific image is referenced
by Hal Roach Studios number HR-L33-18, and appears at page 149 of
plaintiff's copyrighted *Laurel & Hardy* book.  In addition to this
from *Hog Wild*, defendants Photofest and Mandelbaum exhibit
plaintiff's copyrighted image of Laurel & Hardy on their website
as derived from the Hal Roach motion picture photoplay *Leave 'Em
Laughing*, Hal Roach Studios number HR-S6-10 as published on page
49 of the plaintiff's *Laurel & Hardy* book.  Plaintiff believes
that defendants Photofest and Mandelbaum have been reproducing and
selling additional Laurel & Hardy as owned by it, which will be
ascertained during discovery.

10.  The New York Times, in turn reproduced and enlarged the *Hog
Wild* image to approximately 11¾ by 9½ inches and used it as an eye
catching image for an article in its newspaper, on the first page
(page F1) of the *House&Home* section, dated May 3, 2007, for an
article titled *Easy, Mr. Fix-It*.  Other than showing Laurel &
Hardy and another actress who appeared in *Hog Wild*, the article
makes no reference to Laurel & Hardy, their motion picture *Hog
Wild*, nor to any other aspect of the Laurel & Hardy photograph,

5

with this image appearing merely as "wallpaper", as this term is used in the publishing industries, meaning the use of this image is to attract a reader's attention to the article based on the celebrity of Stan Laurel and Oliver Hardy.  In addition to its print edition, the New York Times displays the referenced Laurel & Hardy image on its web site, www.nytimes.com, in addition to other still photographic which are owned by the plaintiff with the Internet displays of these photographic images never being licensed or otherwise authorized by the plaintiff.

11.    The defendants' acts as complained of herein are a continuing infringement of plaintiff's exclusive rights.  Unless the defendants are enjoined by this Court, it is believed that the defendants, and particularly defendants Photofest and Mandelbaum, intend on committing further willful or other infringements of plaintiff's copyrighted Laurel & Hardy still photographic images as created by Hal Roach Studios by producing, distributing, and/or selling and/or controlling, granting, or distributing, additional copies of still images of Laurel & Hardy as belong to the plaintiff to other persons without license or authority to exhibit and exploit these images.

12.  The further and continued Internet exhibition, copying, manufacture, distribution, dissemination, advertising and other sale of plaintiff's copyrighted works has, and will, further destroy, or otherwise substantially diminish the commercial value

of plaintiff's copyrighted works and the rights of ownership and control which the plaintiff enjoys in and to the still images of Laurel & Hardy as were assigned to him by Hal Roach Studios.  Such infringements have caused, are causing and will continue to cause, a loss of future licensing revenues in an amount yet to be determined, in that the said unauthorized copying and unconsented to sale and licensing of the said copyrighted works has caused plaintiff to loose the commercial value of its copyrighted properties pertaining to the defendants' repeated print and Internet exhibitions, and/or, to cause a substantial diminution of the images licensing value concerning the uses by the defendants and other unlicensed users.  Furthermore, by defendants, especially defendants Photofest and Mandelbaum, treating the Laurel & Hardy still photographic images as though they are the works' copyright proprietor, or lawful Internet and print licensees, or that the works are in the public domain, defendants encourage the further unauthorized copying, exhibition and dissemination of these still photographic works, or excerpts there from, without the consent or authority from the plaintiff, creating a loss of revenue, which value will be determined upon the completion of discovery and prior to trial.  The defendants and the licensees of defendants Photofest and Mandelbaum are aware of the value of a license to exhibit the plaintiff's works and the commercial potential for future licensing.

7

13.  In copying, manufacturing, distributing, advertising and exhibiting excerpts of plaintiff's work through unauthorized channels, defendant Photofest and Mandelbaum have intentionally and willfully disregarded the notice of copyright as are present on plaintiff's Laurel & Hardy book, acting deliberately and/or in reckless disregard of plaintiff's copyright interests in and to the said work contained.

## FIRST CLAIM

14.  Plaintiff repeats and realleges paragraphs 1 through 14 herein.

15.  Defendants' acts are in violation of Title 17 U.S.C. sections 101 *et. seq.*, in that the same constitute substantial, unauthorized, and willful copying of plaintiff's copyrighted work as exhibited in the May 3, 2007 edition of the New York Times which is a flagrant and ongoing infringement of the plaintiff's exclusive copyright interests since this image can be accessed via The New York Times' website.

16.  Plaintiff seeks an Order from this Court enjoining and restraining the defendants, their affiliates, distributors, agents, dealers, exhibitors, subsidiaries and subscribers and any other persons acting on their behalf from copying, manufacturing, exhibiting, selling, distributing or otherwise exercising rights of ownership or control over the infringed still photographic image(s) and/or excerpts thereof for purposes of print and

8

Internet publications, both preliminarily, temporarily and permanently thereafter, and for an Order compelling defendants to sequester and impound all copies of the infringing work, or works, in whatever medium(s) contained as may be used for print and Internet publication, together with the materials contributing to the making of such excerpts and any promotional and/or packaging or other materials related thereto.

## SECOND CLAIM

17. Plaintiff repeats and realleges paragraphs 1 through 17 herein.

18. Defendant's acts are in violation of 15 U.S.C. 1125(a) in that the same constitute a false designation of the origins of plaintiff's copyrighted work, unauthorized misappropriations of the commercial value to plaintiff, and the disparagement of the said work resulting in the confusion and deception of the public, thereby giving an appearance that the plaintiff's work is the property of defendants Photofest and Mandelbaum as solely licensed by these defendants, their affiliates, distributors, licensees, subscribers and others acting under defendants' authority.

19. Although plaintiff's damages cannot accurately be calculated at this time, plaintiff prays for a judgment in excess of the jurisdictional threshold of this Court for diversity suits as will be determined at trial, in order to compensate plaintiff for its lost licensing revenues and to impose exemplary damages against

9

the defendant, as will be determined by a jury at trial.

### THIRD CLAIM

20. Plaintiff repeats and realleges paragraphs 1 through 20 herein.

21. Alternative to the other pleas and claims herein, defendants by their actual and unconsented to conduct have willfully copied, manufactured, sold and distributed or otherwise appropriated the plaintiff's copyrighted still photographic images of Laurel & Hardy, as appear in the motion picture photoplay *Hog Wild* and the Laurel & Hardy book, which copying is in violation of the Copyright laws of the United States of America, causing plaintiff damages directly and proximately related thereto.

22. Although plaintiff's damages cannot accurately be calculated at this time due to the extent and severity of the infringements, plaintiff prays for a judgment based on the statutory maximum damage amount allowed for the defendants' willful violations of its exclusive rights under copyright, and for damages for any other unauthorized exhibitions of excerpts form the work as may arise during discovery.

### FOURTH CLAIM

23. Plaintiff repeats and realleges paragraphs 1 through 23 herein.

24. Defendants have caused the print and Internet publication of the plaintiff's images and will benefit from the sale and other

distributions of the plaintiff's copyrighted work. Plaintiff
seeks an accounting of all profits and other consideration and/or
benefits received by the defendants for the unlicensed
exploitation it has effected on plaintiff's copyrighted work that
plaintiff did not consent to. Plaintiff additionally seeks the
production of all of the defendants, their affiliates and
subsidiaries business records pertaining to plaintiff's images to
ascertain the profits, benefits and other gains received by the
defendants from the further exhibition(s) or other unauthorized
exploitation of plaintiff's copyrighted work. Plaintiff seeks that
all consideration and other gains derived by defendants as a
result of its infringing acts be held in constructive trust for
the benefit of plaintiff pending the payment of such consideration
to plaintiff as damages.

## FIFTH CLAIM

25.   Plaintiff repeats and realleges paragraphs 1 through 25
herein.

26.   Alternative to the above claims, defendants are liable for
monetary damages for the print and Internet distribution of
plaintiff's copyrighted works in the maximum statutory amount for
non willful infringements, which will be accurately calculated
prior to trial, as such infringements arose either during the sale
of the image or images to the New York Times, and other print and
Internet exhibitions of the complained of work, or works, or

through defendants' further sale or other distribution as caused by defendant as complained of herein.

## SIXTH CLAIM

27. Plaintiff repeats and realleges paragraphs 1 through 27 herein.

28. Defendants through their willful and purposeful conduct have wrongfully, tortiously and unfairly competed regarding the exploitation and licensing of the work, through the sale and/or distribution of the complained of work under the representation and warranty that defendants were entitled to grant a print and Internet publication license. As a result of this unfair competition by the defendants, plaintiff has been damaged in an amount believed to be in excess of the jurisdictional threshold of a diversity suit before this Court; as such sum will be determined at trial by the jury.

## SEVENTH CLAIM

29. Plaintiff repeats and realleges paragraphs 1 through 29 herein.

30. Should plaintiff prevail in this suit, it seeks the reasonable attorney's fees and other costs connected to the prosecution of this action, as are allowed under the Copyright Act. Plaintiff additionally seeks pre-judgment interest on any damage award that the Court may render.

31.   Plaintiff, to the extent permitted by law, *demands* a trial by jury.

**WHEREFORE,** plaintiff prays for a judgment and other relief as follows:

**(i)** That the defendants, their distributors, dealers and subsidiaries, employees, officers and agents and all others who are contractually bound with them with respect to the distribution, sale, or other print and Internet dissemination of the infringing work or works referenced herein be temporarily, preliminarily and permanently enjoined from further print and/or Internet publication, or otherwise publishing or exercising rights of ownership of the infringing works through the means of print, Internet and any and all other forms of distribution and for the impounding and destruction of all infringing copies thereof and/or materials used in the infringement of plaintiff's copyrights as pertain to any and all exhibitions caused by defendants;

**(ii)** That the defendants' acts have resulted in the false designation of the origins of plaintiff's works, leading to the deception of the public and the loss of profits to the plaintiff, and to impose exemplary damages as will be proven at trial and determined by a jury;

**(iii)** That defendants through their willful infringements of plaintiff's copyrighted works pay the maximum statutory damage amount for each infringement of plaintiff's copyright as has been

13

both directly and proximately caused by them, as such infringements will be proven at trial;

**(iv)** That plaintiff recover from the defendants the profits and other consideration that they have realized and will realize through the broadcast of plaintiff's copyrighted work, and that the defendant account for all monies and other gains and consideration they have received to date and will be receiving in the future with regard to any and all broadcasts;

**(v)** That defendants are liable for the maximum non-willful statutory damage amount for each infringement that has arisen due to the sale, distribution, dissemination or other sale as caused by defendants for print and Internet exhibition(s), as such infringements will be proven at trial;

**(vi)** That plaintiff recovers from the defendants an amount in excess of the jurisdictional threshold for diversity suits filed before this Court for unfairly competing with the plaintiff by designating the complained of works as copyrighted by them, or alternatively that the works are in the public domain works and by further selling and distributing and exhibiting such works as though they were public domain works and devoid of a copyright registration notice;

**(vii)** For payment to plaintiff of its reasonable attorney's fees and related costs pursuant to the Copyright Act for the prosecution of this action and for pre-judgment interest to be

added to any judgment that the plaintiff may recover.

**(viii)** A trial by jury and any other and further relief this Court deems just and proper under the circumstances herein.

Dated: New York, NY
        December 12, 2007

_____
Gregory A. Sioris (GAS 1342)
Attorney for Plaintiff
350 Fifth Avenue, Suite 7606
New York, NY 10118-7606
(212)840-2644

**To:** The New York Times Company
     Defendant
     620 Eighth Avenue
     New York, NY 10018

     Photofest, Inc. and
     Howard Mandelbaum
     Defendants
     32 East 31st Street, 5th Floor
     New York, NY 10016

15

# EXHIBIT B

VOL. 1445 PAGE 423

ASSIGNMENT

In the consideration of the sum of Ten Dollars ($10.00) and

other good and valuable consideration, receipt of which is hereby

acknowledged, the undersigned, HAL ROACH STUDIOS, INC., of

645 Madison Avenue, New York, New York 10022 hereby confirms

and assigns to RICHARD FEINER AND COMPANY, INC., 230 Park

Avenue, New York, New York the sole and exclusive right throughout

the world to license and sublicense the merchandising, novelty and

commercial rights, arising out of and for the purpose of aiding the

exploitation in all media of the rights controlled by the Hal Roach Studios,

Inc.

Without limiting the foregoing, the merchandising, novelty and

**Copyright Office of the United States of America**

THE LIBRARY OF CONGRESS
WASHINGTON

THIS IS TO CERTIFY THAT THE ATTACHED INSTRUMENT WAS RECORDED IN
THE COPYRIGHT OFFICE RECORDS OF ASSIGNMENTS AND RELATED DOCU-
MENTS ON THE DATE AND IN THE PLACE SHOWN BELOW.
IN TESTIMONY WHEREOF THE SEAL OF THIS OFFICE IS AFFIXED HERETO.

Date of Recordation
17Apr72
Volume
1445            Pages
                423-425
CERTIFICATION A (FEB. 1972-7,500)

VOL 1445 PAGE 423

### ASSIGNMENT

In the consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, HAL ROACH STUDIOS, INC., of 645 Madison Avenue, New York, New York 10022 hereby confirms and assigns to RICHARD FEINER AND COMPANY, INC., 230 Park Avenue, New York, New York the sole and exclusive right throughout the world to license and sublicense the merchandising, novelty and commercial rights, arising out of and for the purpose of aiding the exploitation in all media of the rights controlled by the Hal Roach Studios, Inc.

Without limiting the foregoing, the merchandising, novelty and commercial rights herein granted shall include the following:

(a) The right to utilize excerpts from the film footage, the sound tracks, all of the still photographs, and any and all other elements of the LAUREL AND HARDY copyrighted motion picture photoplays;

(b) The right to make and/or remake – to produce and/or reproduce –

-2-

VOL 1445 PAGE 424

to create and/or recreate - in any shape, form, matter or format including, audio, visual, still, live, tape, film, records and/or recordings, silent and/or sound motion pictures - publications, exhibitions and/or presentations - of the impersonation, imitation, impression, characterization of Laurel and Hardy - and to - caricature, portray, cartoon, animate in any shape, form, matter or format Laurel and Hardy together with the right in and to:

(c) The right to use the Laurel and Hardy names, likeness, characters, attitudes, situations, forms, ideas, movements, transitions, gestures, motions, impressions, voices, appearances and costumes, together with the comedy, humor, pathos, routines, material, situations and formats of Laurel and Hardy as created, recorded and copyrighted by Hal Roach Studios, Inc., and/or with Hal E. Roach acting for same;

(d) The right to exhibit in television, television commercials, radio radio commercials, broadcasting, and all other forms of exhibition for theatrical and non-theatrical exhibition - and - in all commercial media, advertising media, publicity, promotion, exploitation - and - in the fields of publication, comic books, posters, sound recordings, clothes, toys, games, food, and all other kinds of merchandise products, goods, services and endorsements, pursuant to the exercise and exploitation of the rights

-3-

L VOL **1445** PAGE **425**

and privileges granted in Paragraphs (a), (b) and (c) herein.

The rights herein granted are specifically made pursuant and subject to the terms and provisions of a certain agreement between the parties dated May 1st, 1969.

The undersigned also agrees to execute any further instruments as necessary to clarify or assure the rights herein granted to Feiner.

Signed and sealed this Seventh day of April, 1972.

HAL ROACH STUDIOS, INC.

By _Herbert R. Gelbspan_

Herbert R. Gelbspan
Executive Vice President

ATTEST:

State of New York
County of New York
Sworn and Subscribed to
Before Me on This
day of _April 1972_

ARTHUR KROEMER
Notary Public, State of New York
No. 52-7370050
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires March 30, 1974

# EXHIBIT C

# Application

## for Registration of a Claim to Copyright
### in a published book manufactured in
### the United States of America

FORM A

REGISTRATION NO.

DO NOT WRITE HERE

A 680131

CLASS

A

**Note:** Make sure that all applicable spaces have been _____ before you submit the form. The application must _____ line 10 and the **AFFIDAVIT** (line 11) **must be** _____ **AND NOTARIZED.** The application should not be _____ until after the date of publication given in line 4, and _____ state the facts which existed on that date. For further _____, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies. Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with 2 copies of the best edition of the work and the registration fee of $6. Make your remittance payable to the Register of Copyrights.

**Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). Ordinarily the name(s) _____ be the same as in the notice of copyright on the copies deposited.

Richard Feiner and Company, Inc.

230 Park Avenue, New York, New York 10017

**Title:** LAUREL & HARDY    Text by John McCabe    Compiled by Al Kilgore
*(Give the title of the book as it appears on the title page)*
Filmography by Richard W. Bann

**Authors:** Citizenship and domicile information must be given. _____ a work was made for hire, the employer is the author. The _____ of organizations formed under U.S. Federal or State _____ should be stated as U.S.A. Authors may be editors, compilers,

translators, illustrators, etc., as well as authors of original text. If the copyright claim is based on new matter (see line 5) give requested information about the author of the new matter.

John McCabe
*(Give legal name followed by pseudonym if latter appears on the copies)* _____ Citizenship U.S. of America
*(Name of country)*
Domiciled in U.S.A.  Yes **X**  No _____ Address _____ as above

Al Kilgore
*(Give legal name followed by pseudonym if latter appears on the copies)* _____ Citizenship U.S. of America
*(Name of country)*
Domiciled in U.S.A.  Yes **X**  No _____ Address _____ as above

Richard W. Bann
*(Give legal name followed by pseudonym if latter appears on the copies)* _____ Citizenship U.S. of America
*(Name of country)*
Domiciled in U.S.A.  Yes **X**  No _____ Address _____ as above

**Date of Publication of This Edition:** Give the complete date when copies of this particular edition were first placed on sale, sold, or publicly distributed. The date when copies were made or

printed should not be confused with the date of publication. **NOTE:** The full date (month, day, and year) must be given. For further information, see page 4.

September 11, 1975.
*(Month)*    *(Day)*    *(Year)*

▶▶ **(NOTE: Leave line 5 blank unless the following instructions apply to this work.)** ◀◀

**New Matter in This Version:** If any substantial part of this _____ work has been previously published anywhere, give a brief, general statement of the nature of the new matter published for the first

time in this version. New matter may consist of compilation, translation, abridgment, editorial revision, and the like, as well as additional text or pictorial matter.

▶▶ **NOTE:** | Leave line 6 blank unless there has been a **PREVIOUS FOREIGN EDITION** in the English language. | ◀◀

**Book in English Previously Manufactured and Published Abroad:** If all or a substantial part of the text of this edition was _____ previously manufactured and published abroad in the English language, complete the following spaces:

Date of first publication of foreign edition _____
*(Year)*

If your answer is "Yes," give registration number _____

Was registration for the foreign edition made in the U.S. Copyright Office?  Yes _____  No _____

EXAMINER

*Complete all applicable spaces on next page*

7. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account:

E. P. Dutton & Co., Inc.

8. Name and address of person or organization to whom correspondence or refund, if any, should be sent:

Name  E.P. Dutton & Co., Inc.    Address 201 Park Ave.So.,New York,NY 10003

9. Send certificate to:

(Type or
print    Name    E. P. Dutton & Co., Inc.
name and
address)  Address  201 Park Avenue South
                        (Number and street)
          New York, New York 10003
          (City)        (State)        (ZIP code)

10. **Certification:**  (NOTE: Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

*William M Marshall*
(Signature of copyright claimant or duly authorized agent)

11. **Affidavit (required by law).** Instructions: (1) Fill in the blank spaces with special attention to those marked "(X)." (2) Sign the affidavit before an officer authorized to administer oaths within the United States, such as a notary public. (3) Have the officer sign and seal the affidavit and fill in the date of execution.

NOTE: The affidavit must be signed and notarized only *on or after* the date of publication or completion of printing which it states. The affidavit *must* be signed by an individual.

STATE OF  New York

COUNTY OF  New York

I, the undersigned, depose and say that I am the
☐ Person claiming copyright in the book described in this application;
☒ Duly authorized agent of the person or organization claiming copyright in the book described in this application;
☐ Printer of the book described in this application.

That the book was published or the printing was completed on: (X) ......... September 11, 1975 .........
(Give month, day, and year)

That, of the various processes employed in the production of the copies deposited, the setting of the type was performed within the limits of the United States or the making of the plates was performed within the limits of the United States from type set therein; the the lithographic or photoengraving processes used in producing the text were wholly performed within the limits of the United States, and that the printing of the text and the binding (if any) were also performed within the limits of the United States. That such type-setting, platemaking, lithographic or photoengraving process, printing, and binding were performed by the following establishments and individuals at the following addresses:
(GIVE THE NAMES AND ADDRESSES OF THE PERSONS OR ORGANIZATIONS WHO PERFORMED SUCH TYPESETTING OR PLATEMAKING OR LITHOGRAPHIC PROCESS OR PHOTOENGRAVING PROCESS OR PRINTING AND BINDING, ETC.)

Names (X) Maverick Typesetting    Addresses (X) New York, New York
          (composition)
          Publication Press, Inc.              2 Penn Plaza, New York, NY 10001
          (printing & binding)

*William M Marshall*
(Signature of affiant)

(Sign and notarize only on or after date given above)

Subscribed and sworn to before me this 8th
                        affirmed
day of ......... October ......... 19 75

PLACE
NOTARIAL SEAL
HERE

ARTHUR J. PRINK
Notary Public State of New York
No. 31-3163978 Qualified in ...
Qualified in Bronx County
Term Expires March 30, 19...

*Arthur Prink*
(Signature of notary)

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application and affidavit received | |
| OCT. 14. 1975 | |
| Two copies received | |
| OCT. 14. 1975 | |
| Fee received | |
| Renewal | |

# EXHIBIT D

Case 1:07-cv-11218-RMB-RLE    Document 24-5    Filed 05/07/2008    Page 2 of 7



# The
## Films
### of
# Laurel and Hardy

# The Films of
# LAUREL & HARDY

by WILLIAM K. EVERSON

CADILLAC PUBLISHING CO., INC.
220 Fifth Avenue, New York, N.Y. 10001

# ACKNOWLEDGMENTS

Grateful acknowledgment is made to the following individuals and institutions for their help in filling in some of the gaps in my still files by contributing rare photographs from their own collections:

JOHN E. ALLEN

KEVIN BROWNLOW

JAMES CARD (George Eastman House)

CARLOS CLARENS

HERBERT GELBSPAN (Hal Roach Studios)

GERALD D. MCDONALD

CHARLES TURNER

ROBERT G. YOUNGSON

THE BRITISH FILM INSTITUTE

ENTERTAINMENT FILMS

Copyright © 1967 by William K. Everson.
All rights reserved.
This edition published by Cadillac Publishing Co., Inc.,
by arrangement with The Citadel Press, Inc.
Designed by William Meinhardt.
Manufactured in the United States of America.
Library of Congress Catalog Card Number: 67-18086.



# Hog Wild

**HAL ROACH–M-G-M, 1930. *Two reels. Directed by James Parrott. Story by Leo McCarey. With Laurel & Hardy, Fay Holderness.***

First at the prodding of his wife, and then to assert his authority when she demands that he stop, Hardy —with the help of Mr. Laurel—tries to erect a radio aerial on the roof of his home.

One of their finest examples of sustained slapstick, *Hog Wild* gives Laurel & Hardy something of an affinity with Buster Keaton as they struggle manfully but unsuccessfully with an inanimate and basically simple mechanical prop—a radio aerial. Laurel's proffered help is accepted somewhat dubiously. "Well, all right, if you'll really *help* me!" agrees Hardy, his expression showing all too clearly that he realizes what a mistake his decision is. Following orders, Laurel brings his car around to the side of

103

# EXHIBIT B

GREGORY A. SIORIS
ATTORNEY AT LAW

PHONE (212) 840-2644
FAX (212) 921-0163

SUITE 7606
350 FIFTH AVENUE
NEW YORK, N.Y. 10118-7606

April 15, 2008

Via ECF and By Hand

The Honorable Richard M. Berman
United States District Court
500 Pearl Street
New York, NY 10007

Re: **Richard Feiner & Co., Inc. v. The New York Times Co. et. al.
07 Civ. 11218(RMB)**

Dear Judge Berman:

The undersigned is counsel to Richard Feiner & Co., Inc.
(Feiner) in the above captioned copyright infringement suit. This
letter answers the letter of defendants' counsel Nancy E. Wolff,
Esq., dated April 9, 2008.

The substantive issues of this dispute are governed by the
Copyright Act of 1909, since the facts surrounding the rights to
the still photographic images of Stan Laurel and Oliver Hardy as
created by Hal Roach Studios occurred prior to the enactment of
the Copyright Act of 1978, *Roth v. Pritikin*, 710 F.2d 934, 938-940
(2nd Cir. 1983)

The photographic images of this dispute are derived from the
copyrighted Laurel & Hardy motion picture photoplays *Hog Wild* and
*Leave 'Em Laughing*, created by Hal Roach Studios. By assignment
dated April 7, 1972 and recorded in the Copyright Office at Volume
1445, page 423, Roach assigned Feiner "all of the still
photographs, and any and all other elements of the LAUREL AND
HARDY copyrighted motion picture photoplays". Based on this very
broad assignment, Feiner published its 400 page book, *Laurel &
Hardy*, which it registered with the Copyright Office at A 680131,
dated October 14, 1975. The filing a copyright renewal
certificate for the book was obviated by the Copyright Renewal Act
of 1992, codified at 17 U.S.C. §304(a)(2)(A)(ii), see Estate of
*Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149,
footnotes 8-9, (2nd Cir. 2003).

GREGORY A. SIORIS

The Honorable Richard M. Berman
United States District Court
April 15, 2008
Page Two

The *Laurel & Hardy* book published photographs of the pair
which were previously unpublished or exhibited under the 1909
Copyright Act's doctrine of limited publication.   There is
distinction between a work's publication and its limited
publication under the 1909 Act, the latter allowing a proprietor
to publicly exhibit a work without it losing its protection under
its common law copyright, *Patterson v. Century Productions, Inc.*,
93 F.2d 489, 492 (2nd Cir. 1937), *Paramount Pictures Corp. v.
Rubinowitz*, 217 U.S.P.Q. 48 (E.D.N.Y. 1981), *National Broadcasting
Co., Inc. v. Sonneborn*, 630 F.Supp. 524 (D.Conn. 1985).

Defendants willfully neglect citing rulings from Court's in
this District which confirm my client's rights in the still
photographic images of Laurel & Hardy which prove that it has
standing to sue when they are infringed.   In *Price v. Hal Roach
Studios, Richard Feiner & Co. Inc. et. al.*, 400 F.Supp. 836, at
842 (S.D.N.Y. 1975), Stewart, J., "plaintiffs concede that
defendants, by virtue of their copyrights, are entitled to use
'stills' or single frames, from the copyrighted movies."  In *Hal
Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 1984 U.S. Dist.
LEXIS 23570 at *8-9, (S.D.N.Y. 1984), Motley, J., "the court
concludes that Feiner & Co. has standing to sue under the
Copyright Act", confirming Feiner's rights under the 1972
assignment from Roach.   In *Richard Feiner & Co., Inc. v. H.R.I.
Industries, Inc., dba The Hollywood Reporter*, 10 F.Supp.2d 310, at
313 (S.D.N.Y. 1998), Owen, J., "Here, Feiner's valid copyright in
the photograph, as well as HRI's copying, has been conceded".   In
*Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp. and
Larry Harmon*, 38 F.Supp.2d 276 at 277 (S.D.N.Y. 1999), Owen, J.,
"Feiner holds the copyrights to several motion pictures of the
late comedy team of Stan Laurel and Oliver Hardy, as well as the
still photographic images derived from those movies".   Damages
have been awarded on the infringement of a still photographic
image, *Richard Feiner and Co., Inc. v. Passport International
Productions, Inc.*, 1998 U.S. Dist. LEXIS 11878 (S.D.N.Y. 1998),
Owen, J.

Contrary to defendants' counsel's claim, plaintiff has never
conceded the images at issue in this suit are "publicity stills",
however, *arguendo*, even if they are, they are still protected

**GREGORY A. SIORIS**

The Honorable Richard M. Berman
United States District Court
April 15, 2008
Page Three

under the copyright registration issued for Feiner's *Laurel & Hardy* book as per §209 of the 1909 Act.  As regards counsel's claims that these images are in the public domain because of their purported publication by a third person in 1967, the 1909 Copyright Act forbids a third person to vitiate a proprietor's rights by publishing images and dedicating them to the public. Under the 1909 Act for a work to be dedicated to the public a "'divestive' publication" has to occur where there has been no reservation of rights.  Proving that a "'divestive' publication" has occurred requires a "higher standard" of factual proof, which "carries out the policy of the copyright laws to safeguard an author's rights in his works against both piracy and an unwitting forfeiture", *Roy Export v. Columbia Broadcasting System, Inc.*, 672 F.2d 1095, 1101-1102 (2nd Cir. 1982), *cert den.* 459 U.S. 826 (1982).  Counsel fails to broach, let alone meet, the requisite "higher standard" of factual proof needed to prove public dedication of the images created by Hal Roach Studios.  Notably absent is proof of the day, month and year that the works were allegedly dedicated to the public, the name and title of the Hal Roach representative who dedicated these works and the circumstances surrounding their dedication.  Lacking competent evidence proving a public dedication, a motion to dismiss a complaint asserting a valid copyright infringement claim cannot be supported by speculation or conjecture.

**Plaintiff's Other Claims Are Actionable**

Defendant Photofest has placed its attribution under plaintiff's images as published in The New York Times on May 3, 2007.  In addition plaintiff's images appear in defendants' Photofest and Mandelbaum's web site, showing that they are attempting to sell plaintiff's images under the Photofest name. Under *Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp.*, 38 F.Supp.2d 276 at 280 (S.D.N.Y. 1998) Judge Owen held that such conduct is "reverse passing off" and is actionable under the Lanham Act and meets the pleading requirements of the Lanham Act.

Without the plaintiff conducting discovery on its other claims it is premature to dismiss these claims.

**GREGORY A. SIORIS**

The Honorable Richard M. Berman
United States District Court
April 15, 2008
Page Four

I thank Your Honor for considering this letter and am available to answer any queries that the Court may have.

Respectfully yours,

Gregory A. Sioris

GAS: ms

Cc: Nancy E. Wolff, Esq. (via fax and ecf)

# EXHIBIT C

VOL 1445 PAGE 423

## 'A S S I G N M E N T

In the consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, HAL ROACH STUDIOS, INC., of 645 Madison Avenue, New York, New York 10022 hereby confirms and assigns to RICHARD FEINER AND COMPANY, INC., 230 Park Avenue, New York, New York the sole and exclusive right throughout the world to license and sublicense the merchandising, novelty and commercial rights, arising out of and for the purpose of aiding the exploitation in all media of the rights controlled by the Hal Roach Studios, Inc.

Without limiting the foregoing, the merchandising, novelty and commercial rights herein granted shall include the following:

(a) The right to utilize excerpts from the film footage, the sound tracks, all of the still photographs, and any and all other elements of the LAUREL AND HARDY copyrighted motion picture photoplays;

(b) The right to make and/or remake - to produce and/or reproduce -

-2-

LIBER **1445** PAGE **424**

to create and/or recreate - in any shape, form, matter or format
including, audio, visual, still, live, tape, film, records and/or recordings,
silent and/or sound motion pictures - publications, exhibitions and/or
presentations - of the impersonation, imitation, impression, characterization
of Laurel and Hardy - and to - caricature, portray, cartoon, animate in
any shape, form, matter or format Laurel and Hardy together with the
right in and to;

(c)  The right to use the Laurel and Hardy names, likeness,
characters, attitudes, situations, forms, ideas, movements, transitions,
gestures, motions, impressions, voices, appearances and costumes, together
with the comedy, humor, pathos, routines, material, situations and formats
of Laurel and Hardy as created, recorded and copyrighted by Hal Roach
Studios, Inc., and/or with Hal E. Roach acting for same;

(d)  The right to exhibit in television, television commercials, radio,
radio commercials, broadcasting, and all other forms of exhibition for
theatrical and non-theatrical exhibition - and - in all commercial media,
advertising media, publicity, promotion, exploitation - and - in the fields
of publication, comic books, posters, sound recordings, clothes, toys,
games, food, and all other kinds of merchandise products, goods, services
and endorsements, pursuant to the exercise and exploitation of the rights

-3-

L VOL 1445 PAGE 425

and privileges granted in Paragraphs (a), (b) and (c) herein.

The rights herein granted are specifically made pursuant and subject to the terms and provisions of a certain agreement between the parties dated May 1st, 1969.

The undersigned also agrees to execute any further instruments as necessary to clarify or assure the rights herein granted to Feiner.

Signed and sealed this Seventh day of April, 1972.

HAL ROACH STUDIOS, INC.

By _____
Herbert R. Gelbspan
Executive Vice President

ATTEST:

State of New York
County of New York
Sworn and Subscribed
Before Me on This
day of_____ APRIL 1972

ARTHUR KROEMER
Notary Public, State of New York
No. 52-7370050
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires March 30, 1974

# EXHIBIT D

# Application
## for Registration of a Claim to Copyright
### in a published book manufactured in
### the United States of America

**FORM A**

REGISTRATION NO.

**A  686131**
DO NOT WRITE HERE

**CLASS**

**A**

**Notes:** Make sure that all applicable spaces have been filled before you submit the form. The application must be filled at line 10 and the **AFFIDAVIT** (line 11) **must be COMPLETED AND NOTARIZED.** The application should not be signed until after the date of publication given in line 4, and must state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies. Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with 2 copies of the best edition of the work and the registration fee of $6. Make your remittance payable to the Register of Copyrights.

**Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). Ordinarily the name(s) will be the same as in the notice of copyright on the copies deposited.

Richard Feiner and Company, Inc.

230 Park Avenue, New York, New York 10017

**Title:** LAUREL & HARDY  Text by John McCabe  Compiled by Al Kilgore
(Give the title of the book as it appears on the title page)

Filmography by Richard W. Bann

**Authors:** Citizenship and domicile information must be given. Where a work was made for hire, the employer is the author. The authorship of organizations formed under U.S. Federal or State law should be stated as U.S.A. Authors may be editors, compilers, translators, illustrators, etc., as well as authors of original text. If the copyright claim is based on new matter (see line 5) give requested information about the author of the new matter.

**Name** John McCabe
(Give legal name followed by pseudonym if latter appears on the copies)
Citizenship  U.S. of America
(Name of country)

Domiciled in U.S.A. Yes X  No ......  Address ............  as above

**Name** Al Kilgore
(Give legal name followed by pseudonym if latter appears on the copies)
Citizenship  U.S. of America
(Name of country)

Domiciled in U.S.A. Yes  X  No ......  Address ......  as above

**Name** Richard W. Bann
(Give legal name followed by pseudonym if latter appears on the copies)
Citizenship  U.S. of America
(Name of country)

Domiciled in U.S.A. Yes  X  No ......  Address ......  as above

**Date of Publication of This Edition:** Give the complete date when copies of this particular edition were first placed on sale, sold, or publicly distributed. The date when copies were made or printed should not be confused with the date of publication. **NOTE:** The full date (month, day, and year) must be given. For further information, see page 4.

September 11, 1975.
(Month)    (Day)    (Year)

**➤➤  (NOTE: Leave line 5 blank unless the following instructions apply to this work.)  ◄◄**

**New Matter in This Version:** If any substantial part of this work has been previously published anywhere, give a brief, general statement of the nature of the new matter published for the first time in this version. New matter may consist of compilation, translation, abridgment, editorial revision, and the like, as well as additional text or pictorial matter.

**➤➤ NOTE:** | Leave line 6 blank unless there has been a **PREVIOUS FOREIGN EDITION in the English language.** | **◄◄**

**Book in English Previously Manufactured and Published Abroad:** If all or a substantial part of the text of this edition was previously manufactured and published abroad in the English language, complete the following spaces:

Date of first publication of foreign edition ............................
(Year)

Was registration for the foreign edition made in the U.S. Copyright Office? Yes .........  No .........

**EXAMINER**

If your answer is "Yes," give registration number ........................................

*Complete all applicable spaces on next page*

**7. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account:**

E. P. Dutton & Co., Inc.

**8. Name and address of person or organization to whom correspondence or refund, if any, should be sent:**

Name  E.P. Dutton & Co., Inc.    Address  201 Park Ave. So., New York, NY 10003

**9. Send certificate to:**

(Type or print Name and address)

Name  E. P. Dutton & Co., Inc.

Address  201 Park Avenue South
(Number and street)

New York, New York 10003
(City)        (State)        (ZIP code)

**10. Certification:** (NOTE: Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

*William M. Marshall*
(Signature of copyright claimant or duly authorized agent)

**11. Affidavit (required by law).** Instructions: (1) Fill in the blank spaces with special attention to those marked "(X)." (2) Sign the affidavit before an officer authorized to administer oaths within the United States, such as a notary public. (3) Have the officer sign and seal the affidavit and fill in the date of execution.

NOTE: The affidavit must be signed and notarized only *on or after* the date of publication or completion of printing which it states. The affidavit *must* be signed by an individual.

I, the undersigned, depose and say that I am the
☐ Person claiming copyright in the book described in this application;
☒ Duly authorized agent of the person or organization claiming copyright in the book described in this application;
☐ Printer of the book described in this application.

STATE OF ....New York................   ss:
COUNTY OF ....New York................

That the book was published or the printing was completed on: **(X)** ......September 11, 1975......
(Give month, day, and year)

That, of the various processes employed in the production of the copies deposited, the setting of the type was performed within the limits of the United States or the making of the plates was performed within the limits of the United States from type set therein; the lithographic or photoengraving processes used in producing the text were wholly performed within the limits of the United States. That such type setting, platemaking, lithographic or photoengraving process, printing, and binding were performed by the following establishments or individuals at the following addresses:
**(GIVE THE NAMES AND ADDRESSES OF THE PERSONS OR ORGANIZATIONS WHO PERFORMED SUCH TYPESETTING OR PLATEMAKING OR LITHOGRAPHIC PROCESS OR PHOTOENGRAVING PROCESS OR PRINTING AND BINDING, ETC.)**

Names (X) Maverick Typesetting    Addresses (X)  New York, New York
(composition)

Publication Press, Inc.    2 Penn Plaza, New York, NY 10001
(printing & binding)

*William M. Marshall*
(Signature of affiant)
(Sign and notarize only on or after date given above)

PLACE NOTARIAL SEAL HERE

ARTHUR S... PRINK New York
Notary Public State of New York
No... 41XX...9576 County
Qualified in... Queens... County
Term Expires... March 30... 19...

Subscribed and sworn to before me this ......
affirmed.

*October* , 19 75
day of ...........................

*Arthur Prink*
(Signature of notary)

**FOR COPYRIGHT OFFICE USE ONLY**

Application and affidavit received

OCT. 14. 1975

Two copies received

OCT. 14. 1975

Fee received

Renewal

# EXHIBIT E

*Weir (Arthur Lewis)*

*Hog wild*

D2.

Fee rec'd **$1.00**

Rec rec'd OCT 31 1928

Applicat'n rec'd OCT 30 1928

©ciB 86713 C

52401 OCT 30 '28

IMPORTANT. Applicant must not write in the blank lines above; to do so will cause delay in Copyright Office.

Card made by W. P. **APPLICATION FOR COPYRIGHT**

**DRAMATIC COMPOSITION NOT REPRODUCED FOR SALE**

REGISTER OF COPYRIGHTS, Washington, D. C.,        Date October 20 1928

Of the DRAMATIC COMPOSITION named herein, not reproduced to copies for sale, ONE complete copy is herewith deposited to secure copyright registration according to the provisions of the Act of March 4, 1909, $1 (statutory fee for registration and certificate) is also inclosed. The copyright is claimed by

(1) Name of copyright owner *Arthur Lewis Weir*
                                                                      (Write full legal name of copyright owner)

(2) Address *1416 So 4th St*          *Springfield,*   *Illinois*
                              (Street)                              (City)              (State)

[Please turn this over]

(3) Name of author or translator _____ **Arthur Lewis Weir**
(White name in full)

(4) Country of which the author is a citizen **United States of America**
(MUST be stated)

(5) If an alien author, state where domiciled in the United States _____

(6) Brief title of work **"FROG WING"**

(7) Send certificate of registration to **Arthur L. Weir**
**1916 So. 4th St        Springfield        Illinois**
(Street)              (City)              (State)

(8) Name and address of person or firm sending the fee **Arthur L. Weir**
**1916 So. 4th St        Springfield        Illinois**
(Street)              (City)              (State)

If the work is a published dramatic composition, use application form D1; if a published dramatico-musical composition, use Form D2; if an unpublished dramatic composition, use Form D3. If the work is a translation, state name and citizenship of the translator, in lieu of that of the author.

(July, 1926—12,000)

[Please turn this over]

# EXHIBIT F

L1

2 c. rec'd    JAN 11 '28
Application rec'd    JAN 11 '28
Description rec'd    JAN 11 '28

Metro Goldwyn Mayer corp.

Leave 'em laughing. 2 reels.

$1.00

©c1L    24847c

Fee rec'd $

1988    JAN 11 '28

IMPORTANT. Applicant must not write in the blank lines above; to do so will limit effect of copyright

# APPLICATION FOR COPYRIGHT
## MOTION-PICTURE PHOTOPLAY REPRODUCED FOR SALE
(If the work is a published motion-picture, NOT a photoplay, use application form M1)

REGISTER OF COPYRIGHTS, Washington, D. C.    Date January 9th. 1928

the MOTION-PICTURE PHOTOPLAY named herein and REPRODUCED IN COPIES FOR SALE on the date stated herein, the following are herewith deposited to secure copyright registration in full compliance with the provisions of the Act of March 4, 1909, as amended by the Act of August 24, 1912: 1st, Two complete copies of the photoplay (state exact number of reels), Reels each; 2d, A Description (preferably typewritten or printed) of the photoplay, also $1 (statutory fee for registration and certificate). The copyright is claimed by

Metro    Goldwyn Mayer Corporation

(1) Name of copyright owner_____    (Write full legal name of copyright owner)

[Please turn this over]

(2) Address___1540___Broadway_____New York_____N. Y.___
          (Street)               (City)           (State)

(3) Name of the author of the photoplay_Metro Goldwyn Mayer Corporation___
                                                (Write name in full)

(4) Country of which the author is a citizen___U.S.A.___
                                        (MUST be stated)

(5) If an alien author, state where domiciled in the United States___

(6) The title of the motion-picture photoplay is___
          LEAVE 'EM LAUGHING        2 Reels.

(7) Published on the____ninth____day of____January____, 1928
       (State here the day, month, and year when the work was placed on sale, sold, or publicly distributed)
       THE SEPARATE TYPEWRITTEN OR PRINTED DESCRIPTION ACCOMPANIES THIS APPLICATION

(8) Send certificate of registration to___Metro Goldwyn Mayer Corporation___
          1009 New Jersey Ave., N. W., Washington, D. C.___
             (Street)               (City)           (State)

(9) Name and address of person or firm sending the fee__Metro Goldwyn Mayer Corp.__
    1540  Broadway        New York        N. Y.
        (Street)               (City)      (State)  [Please turn this over]

(July, 1925—3,000)

Copies Returned in Person

JAN 12 1928