UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

RICHARD FEINER AND CO., INC.,          07 CV 11218 (RMB)

               Plaintiff,          **PLAINTIFF'S DECLARATION IN**
                               **OPPOSITION TO THE DEFENDANTS'**
    -against-                        **MOTION TO DISMISS ITS COMPLAINT**

THE NEW YORK TIMES COMPANY,
PHOTOFEST, INC. and
HOWARD MANDELBAUM,

               Defendants.
--------------------------------x

State of New York    )
                     ) s.ss:
County of New York   )

Richard Feiner, declares as follows:

1. I am the president and majority shareholder of plaintiff, Richard Feiner and Company, Inc. which maintains its office at 31 West 74th Street, #4A, New York, NY 10023. This declaration is made on my personal knowledge of the facts in opposition to the defendants' motion to dismiss my company's complaint, plaintiff exhibit C.

2. My company trades and has been trading in the media and entertainment industries for over forty years primarily by licensing motion pictures to television broadcasters, cable television exhibitors and by selling copies of its motion pictures for home viewing. Among the properties owned by my company are exclusive rights under copyright to several motion picture photoplays of Stan Laurel and Oliver Hardy as created by Hal Roach

1

Studios. In addition my company owns the still photographic images of Stan Laurel and Oliver Hardy as derived from the copyrighted motion pictures that they appeared in as created by Hal Roach Studios.

3. On May 3, 2007 I picked up my copy of The New York Times I was shocked to see a still image of Laurel & Hardy on the front page of its *House&Home* Section, plaintiff exhibit A. This black and white (monochrome) image of Laurel & Hardy is derived from their motion picture *Hog Wild*, created by Hal Roach Studios and registered for copyright protection on December 3, 1930, at registration number LP 1782, renewal registration number R206656.

4. Nowhere does the Times' article mention Stan Laurel or Oliver Hardy, their picture *Hog Wild*, Hal Roach Studios or anything connected to Laurel & Hardy. The New York Times used the image as "wallpaper", which, in the parlance of the advertising and publishing trades means that the image is used to grab a reader's attention and has little, if any, connection to the story, article or subject matter that the image is being used to attract the reader's attention to.

5. A true copy of the assignments from Hal Roach Studios to my company granting still photographic rights in the Hal Roach Studios produced motion pictures of Laurel & Hardy are attached as exhibits D and E. The rights granted in these assignments came from Roach Studios, Laurel & Hardy's creator, directly to my

company without any intermediary assignments of these rights.

6. Both of these assignments are recorded with the Copyright Office of the Library of Congress as noted by the volume and page numbers prominently displayed on each of their pages. As part of the assignment of still photographic rights my company received all of Roach's film elements and camera negatives connected to Laurel & Hardy, which my company maintains to this day and which images the company has exploited and continues to exploit by licensing them to various users.

7. Based on the company's still image rights in the Laurel & Hardy motion pictures my company put out a book of these images in 1975 published by E.P. Dutton & Co. Publishers. A copyright registration was secured on the book and its images, plaintiff exhibit F. As part of the copyright registration process my company had to file two "deposit copies" of the book with the Copyright Office, which my company did to comply with the copyright laws. The copyright in the book and its contents has never been challenged and the book has been republished several times since its first run.

8. The New York Times copied a still image derived from *Hog Wild*, which is seen on page 149 of my book without a license from my company. Defendants Photofest and Madelbaum have reproduced and display an image from Laurel & Hardy's picture *Leave 'Em Laughing* which is seen on page 49 of my book and which they use without a

license on their website, exhibit B.

9.  My company has appeared in this Court on several occasions to protect its copyrights.  Among the judges we have appeared before are Judges Conner, McKenna, Motley, Owen and Stewart and all have upheld the rights under copyright granted to my company by Hal Roach Studios.

10.  A case relevant to this one is from the mid 1970's and was before Judge Constance Baker Motley.  The case is <u>Richard Feiner and Company, Inc. and Hal Roach Studios, Inc., Plaintiffs, against Crown Publishers, Inc., Darien House, Inc., Jay Ward Productions, Inc. Richard J. Anobile and Raymond Rohauer, Defendants</u>, 75 CIV. 3484 (S.D.N.Y. 1975) (Crown Publishers).  Crown Publishers published a book titled <u>A *Fine Mess*</u>! *Verbal and Visual Gems from the Crazy World of Laurel & Hardy*, containing still images of Laurel & Hardy in willful violation of my company's copyrights to their still photographic images.  *Hog Wild* was among the 21 motion pictures which Crown Publishers infringed.  As seen in exhibit H, a permanent injunction was entered against Crown and the other defendants by Judge Motley for their copyright infringements of my company's rights under copyright.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, NY                     s/Richard Feiner, President
       May 28, 2008                        Richard Feiner and Co., Inc.
                                           Plaintiff