UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

RICHARD FEINER & COMPANY, INC.,          07 CIV. 11218(RMB)(RLE)

                    Plaintiff,

          -against-

THE NEW YORK TIMES COMPANY,
PHOTOFEST, INC. and
HOWARD MANDELBAUM,

                    Defendants.
-------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE**
**DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**


                    Gregory A. Sioris
                    Attorney For Plaintiff
                    350 Fifth Avenue
                    New York, NY 10118-7606
                    (212)840-2644

## Table of Contents

Page

Table of Authorities..........................................................................................3-5

Preliminary Statement..................................................................................6

THE UNDISPUTED FACTS PERTAINING TO THE COMPLAINT..................................7

I. THE DEFENDANTS' MOTION FAILS TO SHOW THAT THE PLAINTIFF'S CLAIMS ARE NOT PLAUSIBLE REQUIRING THE MOTION'S DENIAL ON THIS BASIS ALONE.....................................................................................................8

a) The Claims Made in the Plaintiff's Complaint Are Plausible....8

b) Since the Copyrights Governing the Moving and Still Images of Laurel & Hardy Were Created Under the 1909 Copyright Act An Analysis of the Rights Under Copyright Must Comply with the 1909 Act; The 1976 Copyright Act Cannot Be Applied Retroactively to Deny Plaintiff Standing to Assert a Claim for Copyright Infringement..................................................................................................10

c) Pursuant to the 1909 Act the Still Image Rights to Laurel & Hardy and the Subject Images Are Protected Under the Copyright Registration Certificate for the Plaintiff's Book Which Also Meets the Standing Requirements of the 1976 Act.....................................14

II: THE PLAINTIFF'S CLAIMS FOR REVERSE PASSING OFF UNDER THE LANHAM ACT ARE PLAUSIBLE AND NOT SUBJECT TO DISMISSAL..................22

Conclusion.........................................................................................................24

## Table of Authorities

*Amaker v. Weiner*,
179 F.3d 48 (2nd Cir. 1999)..................................................................10

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2nd Cir. 2007).................................................................9

*Bell Atlantic Corp. v. Twombly*,
___U.S.___, 127 S. Ct. 1955, 1970,
167 L. Ed.2d 929(2007)................................................................8,9

*Cortner and Silberman v. Israel*,
732 F.2d 267 (2nd Cir. 1984)...........................................................16

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003).......................................................................23

*Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*,
342 F.3d 149 (2nd Cir. 2003)...........................................................15

*Filmvideo Releasing v. Hastings*,
509 F.Supp. 60 (S.D.N.Y. 1981)
*aff'd in part, rev'd in part*, 669 F.2d 91 (2nd Cir. 1981).....................15

*Fonar Corp. v. Domenick*,
105 F.3d 99 at 106 (2nd Cir. 1997)..................................................18

*Fonte v. Bd. Of Managers of Cont'l Towers Condo*,
848 F.2d 24 (2nd Cir. 1988)...........................................................10

*Friedl v. City of New York.*,
210 F.3d 79 (2nd Cir. 2000)...........................................................10

*Gaiste v. Kaiserman*,
863 F.2d 1061 (2nd Cir. 1988)........................................................15

*Gross v. NYP Holdings, Inc. and News America Incorporated*,
2007 U.S. Dist. LEXIS 25871 (S.D.N.Y.2007)................................17,18

*Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc.*,
96 F.2d 1542 (9th Cir. 1990)............................................................6

*Hal Roach Studios, Inc. v. Richard Feiner & Company, Inc.*,
1984 U.S. Dist. LEXIS 23570 (S.D.N.Y. 1984)..............................19

*Iqbal v. Hasty*,
490 F.3d 143 (2nd Cir. 2007)............................................................8

## TABLE OF AUTHORITIES

*Kepner-Tregoe, Inc. v. Vroom*,
186 F.3d 283, 287 (2nd Cir. 1999).................................................12

*Morris v. Business Concepts*, 295 F.3d 65 (2nd Cir. 2001)
rehearing *denied*, 283 F.3d 502 (2nd Cir. 2002)...........................12,13

*Martha Graham School and Dance Foundation, Inc. v. Protas*,
380 F.3d 624 (2nd Cir. 2004), <u>cert</u>. <u>den</u>., ___U.S.___,
161 L.Ed.2d 1110, 125 S.Ct. 2518 (2005),
*errata filed*, 72 U.S.P.Q.2d 1143 (2nd Cir. 2004).........................12,13

*Picture Music v. Bourne, Inc.*,
314 F.Supp. 640 (S.D.N.Y. 1970)
*aff'd*, 457 F.2d 1213 (2nd Cir. 1972)........................................13

*Parks v. MCA/Universal*,
2008 U.S. Dist. LEXIS 5085 (S.D.N.Y. 2008)................................24

*Pirrone v. MacMillan, Inc.*,
894 F.2d 579 (2nd Cir. 1990).................................................20

*Price v. Hal Roach Studios, Inc., Richard Feiner & Co.*,
400 F.Supp. 836 (S.D.N.Y. 1975)...........................................20,21

*Richard Feiner and Company, Inc. and Hal Roach Studios, Inc.,
Plaintiffs, against Crown Publishers, Inc., Darien House, Inc.,
Jay Ward Productions, Inc. Richard J. Anobile and
Raymond Rohauer, Defendants*, 75 CIV. 3484 (S.D.N.Y. 1975)...............18

*Richard Feiner and Company, Inc. v. Larry Harmon Pictures Corp.*,
38 F.Supp2d 276 (S.D.N.Y. 1999)...........................................21,23

*Richard Feiner & Co., Inc. v. HR Industries Inc.
dba The Hollywood Reporter*, 10 F.Supp2d 310 (S.D.N.Y. 1998)............22

*Richard Feiner & Co. v. Turner Entertainment Co.*,
98 F.3d (2nd Cir. 1996).......................................................6

*Roth v. Pritikin*,
710 F.2d 934 (2nd Cir. 1983)..............................................11,12,14

*Ruotolo v. City of New York*,
514 F.3d 184 (2nd Cir. 2008)..................................................9

## TABLE OF AUTHORITIES

*Silverstein v. Penguin Putnam, Ltd.,*
368 F.3d 77 (2nd Cir. 2004)..................................................................................24

*Societe des Hotels Meridien v. LaSalle Hotel Operating
Partnership, L.P.,* 380 F.3d 126 (2nd Cir. 2004)...............................................24

*Waldman Publ'g Corp. v. Landoll, Inc.,*
43 F.3d 775 (2nd Cir. 1994)..................................................................................24

*Wellnx Life Sciences, Inc. v. Iovate Health Services Research,
Inc.,* 516 F.Supp.2d 270 (S.D.N.Y. 2007)............................................................24

**Statutes and Regulations**

F.R.C.P. 12(b)(6)

1976 Copyright Act

17 U.S.C. §107
17 U.S.C. §§301, 302, 303, 304
17 U.S.C. §411(2000)

1909 Copyright Act

17 U.S.C. §1 *et. seq.* (repealed)
17 U.S.C. §26 (repealed)
17 U.S.C. §209 (repealed)

The Lanham Act
15 U.S.C. §1125(a)

37 C.F.R. §202.4 (repealed)
                37 C.F.R. §202.5 (repealed)

**Preliminary Statement**

The Circuit Courts of Appeal for the Second and Ninth Circuits and Courts within the Southern District of New York have repeatedly held that plaintiff Richard Feiner and Co., Inc. is the proprietor of exclusive rights under copyright to several of the motion picture photoplays of the comedians Stan Laurel and Oliver Hardy and to the still photographic images derived from their motion pictures as produced by Hal Roach Studios.

The defendants' attempt to dismiss the plaintiff's complaint is based on a flawed analysis. They ignore the rulings of this Court which hold that plaintiff has standing to sue for copyright infringement under both the 1909 and 1976 Copyright Acts. Defendants fail to address whether the allegations made in the plaintiff's complaint are plausible, particularly in view of the case law stretching over thirty years which has repeatedly upheld the plaintiff's rights under the Copyright Laws to the images of Stan Laurel and Oliver Hardy, be these images still and/or moving.

For the reasons set forth herein, as based on the holdings of Judges Conner, McKenna, Motley, Owen and Stewart of this District since the 1970's and the holdings of the Circuits[1], the defendants' motion should be denied.

---

[1] <u>Richard Feiner & Co. v. Turner Entertainment Co.</u>, 98 F.3d (2nd Cir. 1996), <u>Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc., 896 F.2d 1542</u> (9th Cir. 1990).

**THE UNDISPUTED FACTS PERTAINING TO THE COMPLAINT**

On Thursday, May 3, 2007, defendant The New York Times (Times) reproduced a copy of a black and white still photographic image of Stan Laurel and Oliver Hardy on the front page of its *House&Home* Section as derived from their motion picture photoplay *Hog Wild*. The photographic image attracts attention to an article titled *Easy, Mr. Fix It* with the sepia tinted monochrome photographic image measuring approximately 11¾ by 9½ inches taking up the majority of the page. The article writes about repairing and refurbishing old houses and about the physical injuries that occur to those undertaking such endeavors, exhibit A.

Nowhere does the article mention or comment upon, *Hog Wild*, Laurel & Hardy, Hal Roach Studios or of anything relating to Laurel & Hardy. Laurel & Hardy's image appears merely as *wallpaper*, a term of art used in the publishing and advertising trades to indicate that an image is being used as background to grab a reader's eye, with the image having no connection to the article's subject matter or story line, Feiner declaration at ¶ 4. In addition to appearing in the Times' print edition, the article and the image also appear digitally on the Times' web site, www.nytimes.com.

The attribution beneath the photograph prominently credits defendant Photofest, in both the print and Internet editions as being the source of the image.

Defendants Photofest and Mandelbaum, in addition to providing the Times with the referenced image, have been exhibiting at least one still photographic image of Stan Laurel and Oliver Hardy from the Hal Roach Studios motion picture *Leave 'Em Laughing* to promote their business. A copy of the image taken from their web site is exhibit B. A copy of their invoice to the Times is exhibit I.

Based on these unauthorized uses of its images protected under the copyright law, plaintiff asserts claims for copyright infringement, violations of the Lanham Act for "reverse passing off" and state law claims against the defendants as articulated in its complaint, exhibit C.

I. **THE DEFENDANTS' MOTION FAILS TO SHOW THAT THE PLAINTIFF'S CLAIMS ARE NOT PLAUSIBLE REQUIRING THE MOTION'S DENIAL <u>ON THIS BASIS ALONE</u>**

a) **The Claims Made in the Plaintiff's Complaint Are Plausible**

In order to survive a motion to dismiss under Rule 12(b)(6) the allegations contained in a complaint must meet the standard of "plausibility" articulated in <u>Bell Atlantic Corp. v. Twombly</u>, ___U.S.___, 127 S. Ct. 1955, 1970, 167 L. Ed.2d 929 (2007).

Although <u>Bell Atlantic</u> deals with antitrust claims, in <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-158 (2nd Cir. 2007) the Circuit applies the "flexible 'plausibility standard'" test to all claims being challenged under Rule 12(b)(6) which would include the current claims made in the plaintiff's complaint.

When reviewing a complaint under a Rule 12(b)(6) motion the Court must construe the claims liberally, "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor, <u>ATSI Communications, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2nd Cir. 2007). To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'", <u>Bell Atlantic v. Twombly</u>, __U.S.__, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), as quoted from <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2nd Cir. 2008). Nowhere does the defendants' motion discuss whether the claims asserted in the plaintiff's complaint are plausible as based on the instant facts. Defendants fail to mention the word *plausible* and its reference as the standard of review for a motion to dismiss under Rule 12(b)(6). Instead of presenting an analysis on whether the plaintiff's claims are plausible, defendants collaterally attack prior rulings of this Court which have upheld plaintiff's rights under copyright as regards both the still and moving images of Stan Laurel and Oliver Hardy, created by Hal Roach Studios, under both the 1909 and 1976 Copyright Acts.

Although labeled as a motion to dismiss, the defendants' motion masquerades as a motion for summary judgment, which, at the pre motion conference on April 16, 2008 the Court admonished defendants would be denied, Sioris declaration at ¶ 2. The defendants have attached writings which purport to be copies of

9

registrations from the Copyright Office and photographic images of Laurel & Hardy from a published book which they comment on, but which are outside the pleadings, see declaration of Zehra J. Abdi and the exhibits to this declaration.  The Court must either exclude these extrinsic materials, or "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material", Friedl v. City of N.Y., 210 F.3d 79, 83 (2nd Cir. 2000), citing, Fonte v. Bd. Of Managers of Cont'l Towers Condo, 848 F.2d 24, 25 (2nd Cir. 1988).  Under Amaker v. Weiner, 179 F.3d 48, 51 (2nd Cir. 1999) converting the motion is not required unless the Court's decision is affected by these extrinsic writings.  Plaintiff raises the issue that the defendants' motion goes beyond the scope of a motion brought under Rule 12(b)(6) out of an abundance of caution and to alert the Court that conversion may be necessary in order for plaintiff to protect its rights by allowing it to submit additional items to this record.

b) **Since the Copyrights Governing the Moving and Still Images of Laurel & Hardy Were Created Under the 1909 Copyright Act An Analysis of the Rights Under Copyright Must Comply with the 1909 Act; The 1976 Copyright Act Cannot Be Applied Retroactively to Deny Plaintiff Standing to Assert a Claim for Copyright Infringement**

The Copyright Act of 1909 governs the substantive issues of this dispute, since plaintiff is the assignee of the photographic still image rights to Stan Laurel and Oliver Hardy created as

created by Hal Roach Studios during the reign of the 1909 Act, Roth v. Pritikin, 710 F.2d 934, 937-940 (2nd Cir. 1983). Roth holds that the 1976 Copyright Act and its cases cannot be applied retrospectively since Constitutional due process considerations come into play under the "takings clause". "Even the spectre of a constitutional issue concerning the proper application of the 'takings clause', however, is sufficient cause to provide for exclusively prospective relief, particularly in the absence of any clear congressional mandate to the contrary", Roth v. Pritikin, 710 F.2d at 939.

An analysis of the plaintiff's rights has to be undertaken under the 1909 Act. Defendants ignore the Roth holding and attempt a retroactive application of the 1976 Act, claiming that under 17 U.S.C. §411(a)(2000) plaintiff lacks standing to bring a copyright infringement suit. In presenting their argument they confuse the assignment of still image rights to plaintiff with a copyright registration certificate protecting a book which plaintiff published and which generally published the subject images and afforded them statutory copyright protection. The images at issue in this suit are protected under the book's 1975 copyright registration certificate as filed pursuant to the 1909 Act, exhibit F. Defendants allege that the book's 1975 copyright

registration does not protect the subject photographic images, despite holdings in this District and Circuit holding otherwise[2].

Defendants argue that under 17 U.S.C. §411(a)(2000) of the 1976 Act "plaintiff has failed to show it owns a valid copyright registration in the image it claims was infringed"[3], claiming that pursuant to Morris v. Business Concepts, 295 F.3d 65 (2nd Cir. 2001), *rehearing denied*, 283 F.3d 502 (2nd Cir. 2002) plaintiff lacks standing to bring suit under §411(a). Morris however takes no position regarding standing with works created under the 1909 Act, nor mentions the 1909 Act.

In Morris, a magazine writer's article was registered for copyright by the magazine in which it was published. Morris holds the writer lacks standing to sue for copyright infringement when her articles appear in another publication because the magazine owns "all rights" to her articles although the writer could have also registered her article with the Copyright Office but failed to do so, Morris, 283 F.3d at 505.

The defendants' arguments under Morris fail for several reasons, one being that the retroactive application of 17 U.S.C. §411(a) violates the proscription stated in Roth that the 1976 Act

---

[2]  The methodology of applying the 1909 Copyright Act and its cases apply to works created prior to the 1976 Copyright Act is seen in Martha Graham School and Dance Foundation, Inc. v. Protas, 380 F.3d 624 (2nd Cir. 2004), *errata filed*, 72 U.S.P.Q.2d 1143 (2nd Cir. 2004). See also Kepner-Tregoe, Inc. v. Vroom,186 F.3d 283, 287 (2nd Cir. 1999).

[3]  Defendant's memorandum of law at page 5 of 17.

and cases decided under it cannot be applied retrospectively to
works created under the 1909 Act.  Defendants cite no authority
whatever to show that plaintiff lacks standing to sue for
copyright infringement based on its book's registration
certificate issued under the 1909 Act.  Obviously §411(a) did not
exist when plaintiff obtained its rights to the still photographic
images of Laurel and Hardy from Hal Roach Studios in 1972.
However, even under the analysis in Morris, plaintiff was
similarly assigned the broadest grant of rights, namely, "all of
the still photographs, and any and all other elements of the
LAUREL AND HARDY copyrighted motion picture photoplays", exhibit
D.  The photographs and the book's text are "works for hire" as
defined under §26 of the 1909 Act (17 U.S.C. §26 repealed), Martha
Graham School and Dance Foundation, Inc. v. Protas, 380 F.3d 624
(2nd Cir. 2004) at 634-636, cert. den., ___U.S.___, 161 L.Ed.2d
1110, 125 S.Ct. 2518 (2005), Picture Music v. Bourne, Inc., 314
F.Supp. 640 (S.D.N.Y. 1970) affirmed, 457 F.2d 1213, 1215 (2nd Cir.
1972), with the rights to the text and photographs (and title to
Hal Roach's negative materials) passing from Roach and the book's
writers to the plaintiff as copyright proprietor, see Feiner
declaration at ¶¶ 5-7.  Defendants' allegation that the book is "a
collective work[4]" without presenting any facts to support this
allegation and raising claims of authorship based on the 1976 Act

---

[4]  Defendants' memorandum at pages 9-10.

again violates the proscriptions of retroactivity cited in <u>Roth v. Pritikin</u> and renders their arguments a nullity.

c) **Pursuant to the 1909 Act the Still Image Rights to Laurel & Hardy and the Subject Images Are Protected Under the Copyright Registration Certificate for the Plaintiff's Book Which Also Meets the Standing Requirements of the 1976 Act**

Defendants cannot dispute that plaintiff was assigned the still image photographic rights to Laurel & Hardy by assignment from Hal Roach Studios dated April 7, 1972, as recorded in the Copyright Office at Volume 1445, pages 423-425, exhibit D.  In addition to the April 1972 assignment, a second assignment from Hal Roach Studios to plaintiff dated May 10, 1974, also includes the same language assigning plaintiff "all of the still photographs".  The second assignment was also registered with the Copyright Office at Volume 1511, pages 226-230, exhibit E.  In this latter assignment Hal Roach explains that he and his namesake studio "created" Laurel & Hardy by matching them as a team and creating the well known comedies for which they are famous.

The subject photographs involved in this suit together with several hundred others of Laurel & Hardy created by Hal Roach Studios were generally published by plaintiff in the book registered with the Copyright Office in October 1975, number A 680131, exhibit F, see also 37 C.F.R. §202.4 (repealed), effective July 1, 1975.  The book's title is *LAUREL & HARDY Text by John McCabe Compiled by Al Kilgore Filmography by Richard W. Bann*.  The

book's registration certificate remains in full force and effect since the date it was registered, Feiner declaration at ¶ 5.

The book's registration protects the text and still images contained within it under the statutory protections afforded under the 1909 Act, Filmvideo Releasing v. Hastings, 509 F.Supp. 60 (S.D.N.Y. 1981),*aff'd in part, rev'd in part*, 669 F.2d 91 (2nd Cir. 1981).

Under §209 of the 1909 Act (17 U.S.C. §209 repealed), the certificate of registration "shall be admitted in any court as prima facie evidence of the facts stated therein", Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., 342 F.3d 149, 165 (2nd Cir. 2003), cert. den. 541 U.S. 937, 124 S.Ct. 1660, 158 L.Ed2d 357 (2004)[5]. The presumption of validity attaching to the book's copyright registration certificate applies with equal force to certificates issued under the 1909 Act as under the 1976 Act, Gaiste v. Kaiserman, 863 F.2d 1061, 1064-1065 (2nd Cir. 1988). The book bears a prominent notice of copyright, *Copyright © 1975 by Richard Feiner and Company, Inc.*, which notice complies with the

---

[5]  The filing of a copyright renewal registration for the book under the 1909 Act was obviated with the enactment of the Copyright Renewal Act of 1992, codified at 17 U.S.C. §304(a)(2)(A)(ii), which Renewal Act has been upheld as valid, Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., 342 F.3d 149, footnotes 8-9 (2nd Cir. 2003). As per the Sonny Bono Act, Pub. L. No. 105-298 §102 112 Stat. 2827, Copyright Term Extention Act, 17 U.S.C. §§301, 302, 303, 304 the term of copyright has been further extended by twenty years.

notice provisions of the 1909 Copyright Act, 37 C.F.R. §202.2 (repealed), revised as of July 1, 1975, exhibit G.

The book's registration certificate provides plaintiff standing to assert a copyright infringement suit, either under the 1909 or 1976 Acts.  Standing to file a copyright infringement claim can exist under both the 1909 and 1976 Copyright Acts, <u>Cortner and Silberman v. Israel</u>, 732 F.2d 267, 271 (2nd Cir. 1984).

Citing no authority to support their position, defendants argue that because plaintiff did not *individually register* the subject photographic images it therefore lacks standing to sue. Defendants cannot cite any authority to support this leap of faith, for perhaps the obvious reason that there is no such requirement under the 1909 Act (or even the 1976 Act).  If there is a requirement that every published photograph had to be registered with the Copyright Office to effect protection under the copyright laws, defendant New York Times should easily have been able to cite the relevant section of the 1909 Act and/or relevant C.F.R. section compelling this imagined registration practice.  This because during the 65 year duration of the 1909 Act the Times would have been obliged to separately register each of the thousands of photographs, and by the same token, the articles that it published to obtain copyright protection instead

of registering the newspaper as a whole[6].  Furthermore, if such a practice existed (or even now exists) a claim for plagiarizing a potion of a copyrighted book under the 1909 Act would not survive, the defense being that the plagiarized portion was not separately registered and therefore the plaintiff lacks standing to sue.

Defendants ignore their own exhibit C, which purports to be a copy of the plaintiff's application seeking copyright registration of its book.  The application's instructions state that in order for the book to be registered plaintiff has to file a completed registration certificate, "together with 2 copies of the best edition of the work", otherwise known as the "deposit copies", which contain the infringed still images, Feiner declaration at ¶ 7.

The defendants' tact alleging a requirement for individual registration has been attempted and soundly rejected by this very Court.  In Gross v. NYP Holdings, Inc. and News America Incorporated, 2007 U.S. Dist. LEXIS 25871 (S.D.N.Y. 2007)(Berman, J.) a case dealing with the copyright infringement of still photographs registered as part of a single work under the 1976 Act, the Court upheld "a presumption of regularity and appropriateness in filing…ordinarily subsumed in the presumption of validity that attaches to a certificate of copyright

---

[6]   37 C.F.R. §202.5 Periodicals (Class B)(revised July 1, 1975) pertained to newspapers.

registration"[7].  This Court denied NYP Holdings' motion to dismiss the complaint against it, ruling against its claim that the photograph being sued upon was not individually registered, <u>Gross</u>, U.S. Dist. Lexis 25871, at *6-7.

Turning to the copyright decisions in this District affecting plaintiff's Laurel & Hardy still image rights, defendants claim "**No Court Ruled Plaintiff Owns A Copyright in the Image**"[8] (emphasis in original).  Defendants willfully neglect citing the unreported 1975 case before the late Constance Baker Motley, D.J., <u>Richard Feiner and Company, Inc. and Hal Roach Studios, Inc., Plaintiffs, against Crown Publishers, Inc., Darien House, Inc., Jay Ward Productions, Inc. Richard J. Anobile and Raymond Rohauer, Defendants</u>, 75 CIV. 3484 (S.D.N.Y. 1975) (hereinafter Crown Publishers).

Pursuant to the 1909 Act, Judge Motley entered final judgment on March 22, 1977 permanently enjoining the publication and distribution of a book containing still photographic images of Laurel & Hardy.  *Hog Wild* was one of the motion pictures whose derived still images of Laurel & Hardy was infringed, an image from which is now also at issue, Feiner declaration at ¶ 10. Prior to entry of the final judgment a preliminary injunction was entered by Judge Motley on August 29, 1975, with both documents

---

[7]  The Court, Berman, J., cites <u>Fonar Corp. v. Domenick</u>, 105 F.3d 99 at 106 (2nd Cir. 1997).

[8]  Defendants' memorandum at page 6.

(judgment and preliminary injunction) attached as exhibit H.  The preliminary injunction Order recites that a temporary restraining Order was entered by Judge Conner of this Court on July 24, 1975. At page 11 of the preliminary injunction Order Judge Motley notes "absent a license to make use of the Laurel & Hardy films in a book, defendants have infringed upon plaintiff's copyrights".

Judge Motley's Order also answers the queries raised by defendants regarding Hal Roach Studios' connection to the chain of title to its Laurel & Hardy motion pictures by addressing the fact that Roach properly renewed the copyrights to its motion pictures under provisions of the 1909 Act, even though the pictures were originally registered for copyright protection by Metro-Goldwyn-Mayer and Loew's Inc., exhibit H, preliminary injunction opinion, pages 4-8.

In Hal Roach Studios, Inc. v. Richard Feiner & Company, Inc., 1984 U.S. Dist. LEXIS 23570 (S.D.N.Y. 1984), a case decided under the 1976 Copyright Act Judge Motley ruled "The court concludes as a matter of law that Feiner & Co. has established that Roach infringed Feiner & Co.'s rights under the federal copyright laws…As an initial matter, the court concludes that Feiner & Co. has standing to sue under the Copyright Act", Roach v. Feiner, 1984 U.S. Dist. LEXIS 23570 at *8.  Defendants correctly claim that this suit deals with record albums, but neglect to mention that Judge Motley relied upon and upheld the same April 1972

assignment from Hal Roach to Feiner which assigned Feiner both exclusive merchandising rights and also the rights to "all of the still photographs, and any and all other elements of the LAUREL AND HARDY copyrighted motion picture photoplays", Roach v. Feiner, at *4, exhibit D.

Other rulings in the District also confirm plaintiff's standing to sue on the still photographic images of Laurel & Hardy.  In Price v. Hal Roach Studios, Inc., Richard Feiner & Co., Inc. et. al., 400 F.Supp. 836 at 842 (S.D.N.Y. 1975) Judge Stewart ruled that "defendants, by virtue of their copyrights, are entitled to use 'stills', or single frames from the copyrighted movies".  Defendants cite no case which overturns the Price ruling which entitled Feiner to use still images of Laurel & Hardy.

The Price holding is critical to Feiner's rights under copyright, since one of the plaintiffs in Price, Larry Harmon Pictures Corp. (Harmon), actively sought to copy and exploit Laurel & Hardy's images based on Judge Stewart's ruling that Harmon enjoyed rights of publicity in the personas of Stan Laurel and Oliver Hardy[9].  However, under the same ruling, if Harmon attempts to exploit rights of publicity in the personas of Laurel

---

[9]  Price v. Roach, 400 F.Supp. 843, holds "the right of publicity which we think does not terminate upon death". In New York there are no post mortem rights of publicity, Pirrone v. MacMillan, Inc., 894 F.2d 579, 585-586 (2nd Cir. 1990).  With Stan Laurel and Oliver Hardy being deceased, Harmon's rights of publicity are not recognized in New York.

& Hardy by use of still images protected under the copyright owned
by Feiner, Harmon is liable for copyright infringement.  The scope
of the ruling in Harmon's favor was limited under the copyright
laws to exploiting images of Laurel & Hardy not subject to
copyright protection, or under license from a copyright
proprietor.

Richard Feiner and Company, Inc. v. Larry Harmon Pictures
Corp., 38 F.Supp.2d 276 (S.D.N.Y. 1999) is a replay of Price v.
Roach  and dealt with Harmon infringing Feiner's copyrights in the
still images of Laurel & Hardy.  As recited in Judge Owen's
opinion, Harmon sued Feiner for alleged violations of Laurel &
Hardy's rights of publicity in the U.S. District Court in Los
Angeles, based on diversity jurisdiction.  Feiner sued Harmon in
this Court based on Harmon's sale of photographic stills of Laurel
& Hardy to sixty one third parties upon which Harmon placed an
ownership attribution in the same manner as does defendant
Photofest herein, 38 F.2d at 278, exhibit A.

Judge Owen ruled "Feiner holds the copyrights to several
motion pictures of the late comedy team of Stan Laurel and Oliver
Hardy, as well as the still photographic images derived from those
movies".  Judge Owen denied Harmon's motion to dismiss Feiner's
copyright and Lanham Act claims based on F.R.C.P. 12(b)(6), 38
F.Supp.2d at 279.

Richard Feiner & Co., Inc. v. HR Industries Inc. dba The
Hollywood Reporter, 10 F.Supp.2d 310 (S.D.N.Y. 1998) the
defendants cite the unreported Circuit decision which reversed the
summary decision upholding the plaintiff's copyright to a still
image of Laurel & Hardy pending discovery.  Defendants neglect
citing Judge Owen's ruling in favor of the plaintiff after the
Circuit's decision, 2002 U.S. Dist. LEXIS 14369 (S.D.N.Y. 2002),
where Judge Owen held "Feiner owns certain copyrights to a number
of Laurel and Hardy films".  Judge Owen denied the Hollywood
Reporter's motion for summary judgment and declined to "revist"
the issue of fair use upon which summary judgment was granted to
Feiner in the previous decision.  By invoking the doctrine of fair
use, the purported fair user concedes that the existence of a
valid copyright in the reproduced work, claiming the use was fair
as determined under the four factors of 17 U.S.C. §107.

Based on the above cases, the plaintiff's claim of copyright
infringement is plausible and is not subject to dismissal.

II: **THE PLAINTIFF'S CLAIMS FOR REVERSE PASSING OFF UNDER THE
LANHAM ACT ARE PLAUSIBLE AND NOT SUBJECT TO DISMISSAL**

A claim for "reverse passing off" under the Lanham Act is not
preempted under §301 of the 1976 Copyright Act.  Exhibits A, B and
I, show that defendants Photofest and Mandelbaum sold and continue
to sell plaintiff's copyrighted still images and seek attribution
as the proprietor of the images as such attribution was given to

Photofest by defendant Times, exhibit A.  The claim against the defendants is that they are violating the Lanham Act by "reverse passing off" or "reverse palming off", specifically by claiming ownership of the plaintiff's copyrighted works, selling the works and seeking attribution as the proprietor.  In Feiner v. Larry Harmon Pictures Corp., *supra*, Harmon acted in the very same manner as these defendants regarding the exploitation of the plaintiff's images.  Judge Owen denied Harmon's motion to dismiss Feiner's Lanham Act claims, finding that Harmon gave a false copyright attribution and "openly and notoriously claimed they were the owners and licensors of the plaintiff's [Feiner's] still photographic Laurel and Hardy images.  This is sufficient to meet the pleading requirements of a Lanham Act claim", 38 F.Supp.2d at 280.  The very same holds true in this case and the Court should follow Judge Owen's ruling denying the dismissal of the Lanham Act claim.

Defendants cite Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003), which disallowed a Lanham Act claim based on "a species of mutant copyright law that limits the public's federal right to copy and to use expired copyrights", 539 U.S. at 34.

The copying and false designation of "expired copyrights" is not at issue in this case, the Dastar ruling not foreclosing claims of reverse passing off.  Nor has Circuit and courts in this

23

District hold that Dastar has foreclosed reverse passing off claims under the Lanham Act, which the Circuit regards as being separate to a claim of copyright infringement, Waldman Publ'g Corp. v. Landoll, Inc., 43 F.3d 775, 780 (2nd Cir. 1994), see also Societe des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P., 380 F.3d 126, 131 (2nd Cir. 2004), Silverstein v. Penguin Putnam, Ltd., 368 F.3d 77, ft. note 6 (2nd Cir. 2004), Parks v. MCA/Universal, 2008 U.S. Dist. LEXIS 5085 (S.D.N.Y. 2008) at *9-11, Wellnx Life Sciences, Inc. v. Iovate Health Services Research, Inc., 516 F.Supp.2d 270, 285-286 (S.D.N.Y. 2007).

## CONCLUSION

Based on its exhibits and citations of law plaintiff has shown that the claims as recited in its complaint are plausible and should not be dismissed.  In the event the Court does dismiss the complaint, plaintiff seeks leave to re-plead its allegations either in whole or in part.


Dated: New York, NY                    s/Gregory A. Sioris
       May 28, 2008                      Attorney for Plaintiff
                                         350 Fifth Avenue, Suite 7606
                                         New York, NY 10118-7606
                                         (212)840-2644
                                         gasioris@prodigy.net