```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

RICHARD FEINER & COMPANY, INC.,        07 CIV. 11218(RMB)(RLE)

                Plaintiff,

        -against-

THE NEW YORK TIMES COMPANY,
PHOTOFEST, INC. and
HOWARD MANDELBAUM,

                Defendants.
---------------------------------x
```

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO
THE DEFENDANTS' MOTION TO DISMISS
<u>THE PLAINTIFF'S COMPLAINT</u>**

```
                    Gregory A. Sioris
                   Attorney for Plaintiff
                    350 Fifth Avenue
                  New York, NY 10118-7606
                      (212)840-2644
```

**Preliminary Statement**

Pursuant to this Court's memorandum Order dated June 17, 2008, plaintiff submits this sur-reply memorandum to rebut allegations that the defendants raise for the first time in their reply memorandum dated June 9, 2008.

I. **PLAINTIFF NEVER INVOKED THE DOCTRTINE OF COLLATERAL ESTOPPEL AGAINST THE DEFENDANTS AND FOR THE DEFENDANTS TO CHALLENGE IT IS TO MISLEAD THE COURT**

At page 9 of their memorandum, defendants complain of "an improper attempt to invoke the doctrine of collateral estoppel against Defendants". This claim is frivolous as per Rule 11, since plaintiff never invoked the doctrine of collateral estoppel against the defendants. Defendants present gratuitous argument against an issue that was never raised. Based on this fact, the Court should ignore defendants' collateral estoppel arguments.

II. **THE DEFENDANTS'CHALLENGE TO THE PLAINTIFF'S COPYRIGHT OWNERSHIP INTERESTS IN THE IMAGES IS BASELESS**

Defendants claim in their reply that "plaintiff's complaint is vague as to the origin of the Images"[1]. Defendants willfully ignore ¶ 9 of the complaint which provides succinct information regarding the origin of the images by reference to the plaintiff's copyrighted book on the Laurel & Hardy pictures as created by Hal Roach Studios, the pages in the book where the subject images

---

[1] Defendants' Reply memorandum of law at p. 3.

2

appear, the motion pictures they are derived from and the identifying numbers as assigned to the images by Hal Roach Studios. This information plausibly shows the images connection to Hal Roach and to plaintiff as Roach's assignee.

The declaration of Plaintiff's President Richard Feiner explains Roach Studios' assignment to it of the still photographic rights to Laurel and Hardy, and as part of the assignment Roach transferred the photographic negatives from which the images in dispute were derived and which plaintiff continues to own and exploit, Feiner declaration at ¶6.

Defendants now question whether Hal Roach Studios was "the original copyright holder of every motion picture featuring Laurel and Hardy and of every still photograph of them"[2], which goes beyond the scope of this suit. Defendants offer no evidence however to challenge Hal Roach Studios' involvement with the creation of either *Hog Wild*, *Leave'Em Laughing* or the still photographic images that were created during the making of these motion pictures that are the subject of this suit.

Defendants fail to recognize under the 1909 Copyright Act the grant of rights under copyright as to the first term of copyright are not identical to the rights in the renewal copyright term. "The renewal term is not merely an extension of the initial-term copyright vesting in the current owner of the original term.

---

[2] Defendants' Reply memorandum of law at p. 4.

3

Rather, it has been described as a 'new grant'", Epoch Producing Corp. v. Killiam Shows, Inc., 522 F.2d 737, at 743 (2nd Cir. 1975). The renewal term is controlled by 17 U.S.C. §24 (repealed).

Leaving *Hog Wild* and *Leave'Em Laughing* aside for the moment, there is no doubt, or, for the purpose of this motion, it is certainly *plausible*, that the subject still images of Laurel & Hardy at issue in this suit were created by Hal Roach Studios, since their negatives bear the identification numbers of Roach Studios. The defendants cannot dispute this fact.

If the images are derived from "screen grabs", or images printed directly from the motion picture elements, Roach also has the right to assign them, since Roach enjoyed renewal rights in the motion pictures it created, even if they were not initially registered in Roach's name, as such right was found by Judge Motley in the Feiner v. Crown Publishers, as based on the holding of Epoch Producing, see plaintiff's exhibit H.

Defendants' now claim that plaintiff was not assigned rights "in the Images from the photographers"[3], which they simply assume were working on a free lance basis. This argument is baseless since it is an attempt to retroactively apply the work for hire rules recited in §201(b) of the 1976 Copyright Act to works created under the 1909 Act which is proscribed. The photographers, cameramen, photo lab technicians and/or others

---

[3] Defendants' Reply memorandum of law at p. 5.

4

connected to the making of the Laurel & Hardy motion pictures and/or still images were employed or commissioned by Hal Roach Studios, with the authorship in their works being deemed a work for hire under the 1909 Copyright Act with rights under copyright vesting solely in Hal Roach Studios, Roth v. Pritikin, 710 F.2d 934, ftn. 2 (2nd Cir. 1983).

### III. THE PLAINTIFF'S BOOK IS GOVERNED UNDER THE 1909 COPYRIGHT ACT AND ITS REGISTRATION CERTIFICATE REMAINS VALID

For the first time "Defendants challenge the validity of the Book Registration to give jurisdiction over the specified claims alleged in the complaint"[4]. This challenge is made in the defendants' reply brief, their amended answer lacking a counterclaim challenging the book's registration certificate. Defendants allege that "Plaintiff is not credited with any degree of authorship", as regards its Laurel & Hardy book, which is a meaningless argument as regards the plaintiff's rights, since plaintiff commissioned the making of the book, which is a work made for hire, and is the book's copyright proprietor as per the 1909 Act and as acknowledge by the Copyright Office, plaintiff exhibit F. Defendants do not dispute that plaintiff hired and/or commissioned the writers and others who contributed to making it, the book being made at plaintiff's "instance and expense" and thus a work for hire, Roth v. Pritikin, *supra*.

---

[4] Defendants' Reply memorandum of law at p. 8.

5

Without citing any authority to support their conjecture, defendants claim "Whether a works for hire or not, the copyright in the Images had to be registered under both the 1909 Act and the 1976 Act alike to ground an action"[5].  This fanciful position is a mere leap of faith made without a basis in the Copyright Acts of 1909 and/or 1976 and the cases decided under these statutes.

### IV.  REVERSE PASSING OFF UNDER THE LANHAM ACT HAS NOT BEEN PRE-EMPTED BY THE RULING IN DASTAR

Defendants' now claim that only "goods" are affected under the ruling in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003).  Accepting this claim as valid, still photographs clearly fit within the definition of being "goods".

Defendants claim that the works have to "originate" with the plaintiff in order to invoke a claim under the Lanham Act but cite no authority which holds that a copyright proprietor's assignee is precluded from asserting a claim of reverse passing off under the Lanham Act.  Lacking authority to support their allegation, the plaintiff has asserted a plausible claim under the Lanham Act for reverse passing off.

### CONCLUSION

The new issues raised by the defendants in their reply memorandum have not shown that the complaint's allegations are not

---

[5] Defendants' Reply memorandum, footnote 4.

6

plausible or that plaintiff lacks standing to assert claims under the Copyright and Lanham Acts which necessitates the denial of the defendants' motion.

Dated: New York, NY          s/Gregory A. Sioris
       June 23, 2008            Attorney for Plaintiff
                                350 Fifth Avenue, Suite 7606
                                New York, NY 10118-7606
                                (212)840-2644
                                gasioris@prodigy.net