# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RICHARD FEINER AND COMPANY, INC.,

                         Plaintiff,

            - against -

THE NEW YORK TIMES COMPANY,
PHOTOFEST, INC., and
HOWARD MANDELBAUM,

                        Defendants.

------------------------------------------------------------x

07 Civ. 11218 (RMB) (RLE)

**DECISION AND ORDER**



## I. Introduction

On December 12, 2007, Richard Feiner and Company, Inc. ("Feiner and Co." or "Plaintiff") filed a Complaint ("Complaint") against The New York Times Company ("New York Times"), Photofest, Inc. ("Photofest"), and Photofest's "principal or majority owner," Howard Mandelbaum ("Mandelbaum"), (collectively, "Defendants") alleging, among other things, that Defendants engaged in the "substantial, unauthorized, and willful copying of Plaintiff's copyrighted" image of comedians Laurel & Hardy from the motion picture photoplay Hog Wild ("Hog Wild Image") in the May 3, 2007 edition of the New York Times. (Compl. ¶ 15; see also id. ¶¶ 6, 9–10, 21.) Plaintiff asserts claims for, among other things, copyright infringement under 17 U.S.C. § 101 et seq. ("copyright claim"); false designation of origin under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) ("false designation claim"); and New York State common law unfair competition ("common law unfair competition claim"). (Compl. ¶¶ 15–16, 18–19, 28.)

On May 7, 2008, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6), arguing, among other things, that: (1) "Plaintiff has no certificate of registration in the [Hog Wild Image] and,

therefore, does not have standing to invoke the jurisdiction of this Court over a claim [that the copyright] was infringed" and (2) Plaintiff's false designation claim is precluded under the United States Supreme Court's decision in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003), which "ruled that the Lanham Act cannot be used to litigate claims concerning attribution or misattribution of authorship, or claims that are in essence copyright infringement claims." Defendants also argue that "Plaintiff's common law [unfair competition claim] must also be dismissed" because it is "substantially congruent" with the false designation claim. (Defs. Mot. to Dismiss Pl. Compl., dated May 7, 2008 ("Defs. Mot."), at 4, 11–12.)

On May 28, 2008, Plaintiff filed an opposition to Defendants' motion to dismiss, arguing, among other things, that: (1) Plaintiff has standing to sue for copyright infringement because it was "assigned the broadest grant of rights, namely, all of the still photographs, and any and all other elements of the Laurel & Hardy copyrighted motion picture photoplays" and (2) the United States Court of Appeals for the Second Circuit "and courts in this District [have not held] that Dastar . . . foreclose[s] reverse passing off claims under the Lanham Act, which the [United States Court of Appeals for the Second Circuit] regards as being separate to a claim of copyright infringement." (Pl. Opp'n to Defs. Mot., dated May 28, 2008 ("Pl. Opp'n"), at 13, 23–24) (internal quotations and citation omitted.)[1]

On June 9, 2008, Defendants filed a reply ("Reply"). On June 23, 2008, Plaintiff filed a sur-reply ("Sur-Reply"). The parties waived oral argument.

**For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.**

---

[1] Plaintiff does not appear to oppose Defendants' motion to dismiss the common law unfair competition claim.

2

## II. Background

For the purposes of this motion, the allegations of the Complaint are taken as true. Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

On April 7, 1972, Hal Roach Studios, Inc. ("Hal Roach Studios") "confirm[ed] and assign[ed] to [Feiner and Co.] . . . the sole and exclusive right throughout the world to license and sublicense the merchandising, novelty and commercial rights, arising out of and for the purpose of aiding the exploitation in all media of the rights controlled by [Hal Roach Studios]," which include, among other things, "[t]he right to utilize excerpts from the film footage . . . all of the still photographs, and any and all other elements of the Laurel & Hardy copyrighted motion picture photoplays." (Assignment, dated Apr. 7, 1972 ("Assignment"), at 1; see also Compl. ¶ 3.) The Assignment was "registered in the Copyright Office of the Library of Congress on [April 17, 1972], at LP 1445, Pages 423–425." (Compl. ¶ 3.)

"The copyright in and to the still images of Laurel & Hardy as created by Hal Roach Studios are in full force and effect on the date of this [C]omplaint as are the [P]laintiff's rights in these still photographic images." (Id.)

"Without [P]laintiff's consent or license, [D]efendants Photofest and Mandelbaum licensed [D]efendant New York Times with [the Hog Wild Image]" and "The New York Times, in turn reproduced and enlarged the [Hog Wild Image] to approximately 11 ¾ by 9 ½ inches and used it as an eye catching image for an article in its newspaper, on the first page (page F1) of the House & Home section, dated May 3, 2007." (Compl. ¶¶ 9–10.) The Hog Wild Image "is referenced by Hal Roach Studios number HR-L33-18." (Compl. ¶ 9.) Photofest and Mandelbaum also "exhibit [P]laintiff's copyrighted image of Laurel & Hardy

3

on their website as derived from the Hal Roach [Studios] motion picture photoplay Leave 'Em Laughing, Hal Roach Studios number HR-S6-10." (Id.)

### III. Legal Standard

"Copyright registration is a jurisdictional prerequisite to an infringement suit." Kelly v. L.L. Cool J., 145 F.R.D. 32, 37 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994).

On a motion to dismiss under Rule 12(b)(1), the court may refer to evidence outside of the pleadings, such as affidavits and documentary exhibits. See Caldwell v. Rudnick, No. 05 Civ. 7382, 2006 WL 2109454, at *2 (S.D.N.Y. July 26, 2006); see also Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court accepts that factual allegations as true and infers in the pleader's favor." Airframe Sys., Inc. v. L-3 Commc'ns Corp., No. 05 Civ. 7638, 2006 WL 2588016, at *2 (S.D.N.Y. Sept. 6, 2006); see also Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1059 (2007) (internal quotations omitted).

### IV. Analysis

#### (1) Copyright Claim

Defendants argue, among other things, that the Assignment "is a vaguely worded grant of merchandising and novelty licensing rights to a number of undefined works" and "does not . . . evidence a transfer of any copyright in the [Hog Wild Image]." (Defs. Mot. at 5; Reply at 4.) Plaintiff counters, among other things, that "Defendants cannot dispute that [P]laintiff was assigned the still image photographic rights to Laurel & Hardy by assignment

4

from Hal Roach Studies dated April 7, 1972, as recorded in the Copyright Office." (Pl. Opp'n at 14.)[2]

"To bring an infringement action, a plaintiff must be the owner of a copyright, its assignee, or an exclusive licensee." Broad. Music, Inc. v. CBS Inc., No. 83 Civ. 5004, 1983 WL 1136, at *5 (S.D.N.Y. July 20, 1983) (citation omitted); see also ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991) ("The legal or beneficial owner of an exclusive right under a copyright is entitled to bring actions for infringements of that right occurring during the period of its ownership.") (citing 17 U.S.C. § 501(b)); Vapac Music Publ'g, Inc. v. Tuff 'N' Rumble Mgmt., No. 99 Civ. 10656, 2000 WL 1006257, at *4 (S.D.N.Y. July 19, 2000) ("By its terms, 17 U.S.C. § 411(a) requires only that a copyright be registered; it does not require that the plaintiff be the party who caused the registration to occur.").

Plaintiff's allegations – for example, "as the assignee of Hal Roach Studios, [Plaintiff] holds the copyrights to the still photographic images of [Laurel & Hardy], as registered in the Copyright Office . . . on April 17, 1972]" – are supported by the Assignment and are sufficient to defeat Defendants' motion. (Compl. ¶ 3; Assignment at 1); see Feiner and Co., Inc. v. Larry Harmon Pictures Corp., 38 F. Supp. 2d 276, 279 (S.D.N.Y. 1999).

"[C]omplaints for copyright infringement . . . alleging present ownership by plaintiff, registration in compliance with the applicable statute, and infringement by defendant, have been held to be sufficient." U2 Home Entm't, Inc. v. Kylin TV, Inc., 06 Civ. 2770, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007) (citations omitted). "In light of the alleged

---

[2] Defendants acknowledge in their motion to dismiss that "a search of records at the Copyright Office reveals that" the Hog Wild film was originally "registered . . . in 1928." (Defs. Mot. at 5–6.)

5

[A]ssignment by [Hal Roach Studios], the [P]laintiff has made a prima facie showing of subject matter jurisdiction" and "Defendants' . . . objections to the validity of the purported assignment . . . involve issues of fact that cannot be resolved on this motion." Vapac, 2000 WL 1006257, at *4; see also Richard Feiner and Co., 38 F. Supp. 2d at 279 n.2 ("Feiner carefully cites the registration of assignments to him of copyrights in Laurel [&] Hardy's works, and his rightful ownership of several copyrights to Laurel [&] Hardy films has been established in prior litigation"); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., No. 82 Civ. 1949, 1984 WL 880, at *3 (S.D.N.Y. Sept. 17, 1984) ("Since assignment of the exclusive license to Feiner & Co. has been recorded properly with the U.S. Copyright Office, Feiner & Co. has standing to sue . . . .").

## (2) False Designation and Common Law Unfair Competition Claims

Defendants argue, among other things, that under the United States Supreme Court's decision in Dastar, "[t]he New York Times is correctly identified as the originator of the newspaper in which the image is printed" and "Plaintiff cannot therefore allege that the origin of the image has been misidentified" under Section 43(a)(1)(A) of the Lanham Act. (Defs. Mot. at 12.) Defendants also argue that "[i]n this Circuit, the congruence of [Lanham Act false designation claims with common law unfair competition claims] has been repeatedly found" and Plaintiff's common law unfair competition claim must also be dismissed. (Defs. Mot. at 13.)

Plaintiff counters, among other things, that Dastar "disallowed a Lanham Act claim based on a species of mutant copyright law that limits the public's federal right to copy and to use expired copyrights," which is not at issue in this case, and Defendants cite "no

6

authority which holds that a copyright proprietor's assignee is precluded from asserting a claim of reverse passing off under the Lanham Act." (Pl. Opp'n at 23; Sur-Reply at 6.)[3]

Section 43(a)(1)(A) of the Lanham Act prohibits the use, "on . . . any goods," of "any false designation of origin" that "is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin" of the goods. 15 U.S.C. § 1125(a)(1)(A). This provision does not support Plaintiff's claim because it protects only "the producer of the tangible goods that are offered for sale, and not . . . the author of any idea, concept, or communication embodied in those goods." Dastar, 539 U.S. at 37; see id. at 34 ("we have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright").

"[The New York Times], and not [Plaintiff] is the producer of the tangible product offered for sale in this case, the [May 3, 2007 edition of the New York Times]." Silverstein v. Penguin Putnam, Inc., 522 F. Supp. 2d 579, 601 (S.D.N.Y. 2007); see also Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc., No. 07 Civ. 11140, 2007 WL 1500292, at *2 (E.D. Mich. May 23, 2007) (Defendants not liable under 15 U.S.C. § 1125(a) for allegedly "incorporating Plaintiff's copyrighted materials into Defendants' materials"). "To the extent that [Plaintiff has] a claim regarding [D]efendants' alleged failure to attribute properly [the Hog Wild Image] in the [May 3, 2007 edition of the New York Times] to [Plaintiff], the claims belong under the Copyright Act, not the Lanham Act." Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235, 250–51 (S.D.N.Y. 2004).

Plaintiff's briefing papers do not appear to counter Defendants' arguments that the common law unfair competition claim fails as "substantially congruent" with Plaintiff's false

---

[3] See supra note 1.

designation claim. (Defs. Mot. at 12); see also Graffam v. Town of Harpswell, 250 F. Supp. 2d 1, 8 (D. Me. 2003) ("[P]laintiff does not oppose the town's motion to dismiss [its void for vagueness] claim in his response to the motion and therefore must be deemed to have waived any opposition."). This claim is also preempted by Section 301 of the Copyright Act because the Court can find no "extra element[] that make[s] it qualitatively different from a copyright infringement claim."[4] Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004); see also Richard Feiner and Co., 38 F. Supp. 2d at 280 ("The New York common law of unfair competition requires no element other than those necessary to establish a copyright infringement claim, and Feiner alleges no action other than those already alleged to have violated the Copyright Act.") (internal citation omitted); Maurizio v. Goldsmith, No. 96 Civ. 4332, 2001 WL 1568428, at *6 (S.D.N.Y. Dec. 5, 2001) ("[C]ourts have found that because a claim for common law unfair competition requires no extra element beyond a copyright infringement claim, it is preempted by federal law.").

## V. Conclusion and Order

For the foregoing reasons, Defendants' motion to dismiss [#22] is granted in part and denied in part.

The parties are directed to appear at a status/settlement conference with the Court on September 8, 2008 at 11:30 a.m. in Courtroom 21D of the Daniel Patrick Moynihan

---

[4] Section 301(a) of the Copyright Act provides, "On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a).

Courthouse, 500 Pearl Street, New York, New York, 10007.  **The Court directs the parties to engage in good faith settlement negotiations prior to the conference with the Court.**

Dated: New York, New York
      August 1, 2008

*/s/ Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.